WIGGINTON, Chief Judge.
This it the second appeal brought to this court seeking review of orders entered by the same circuit judge in separate proceedings between the same parties involving controversies growing out of their marital relations.
The first appeal sought review of an order entered by the chancellor denying appellant *487 husband’s motion to set aside a final decree of divorce. That decree was entered pursuant to a complaint filed by appellee wife in which she sought alimony and divorce from her husband, together with custody of and support for their minor child. The complaint alleged that prior to the filing of the action defendant husband had seized the child, fled the court’s jurisdiction, and plaintiff was without knowledge as to his whereabouts or his present place of address. Jurisdiction of defendant’s person was sought both by personal and constructive service of process. Upon husband’s failure to appear a decree pro confesso was entered against him. Based upon the testimony taken orally before the court, a final decree was entered granting the wife a divorce, together with permanent alimony. The decree was silent as to custody of and support for the child because of the apparent assumption by the chancellor that the child being outside the territorial jurisdiction of the court, he was without authority to enter a decree touching the child’s custody. Jurisdiction of the court was retained in the final decree for such other and further orders as may be appropriate.
On appeal to this court we held that the service of process by publication did not meet the requirements of the statute, and the court did not thereby acquire jurisdiction over the person of defendant. We further held, however, that even though the personal service of process on defendant might have been validly effectuated, (a question to be decided by the chancellor) thereby giving the court jurisdiction over defendant’s person, the record reveals that the original summons bearing the sheriff’s return was not on file in the cause, exhibited to or considered by the chancellor prior to the entry of his decree, and the decree was therefore improperly entered. Based upon these conclusions we reversed the chancellor with directions that an order be entered setting aside the final decree, and for such further proceedings as may be appropriate.[1] Thus it is seen that on this state of the record in that cause the question involving the custody of the minor child is now before the chancellor for consideration and presumably will be adjudicated in the further proceedings to be had pursuant to this court’s mandate.
After the entry of the final decree mentioned above, and before the appeal in that case was finally disposed of by this court, the wife discovered that defendant husband was living in Georgia with their minor child. The wife then instituted in the Superior Court of Clinch County, Georgia, a petition for writ of habeas corpus, whereby she sought custody of the child then being held by her husband. As a result of preliminary proceedings in that cause, the Superior Court entered an order providing that the custody of the minor child shall be and remain with the court until final disposition of the cause, pending which the child should remain in the temporary care of the father with visitation rights granted the mother. It was while this order was in effect, and before testimony was taken in that case, that the wife secured possession of the child during a visitation period and brought it back with her to Columbia County, Florida. This was done in violation of the court’s order which prohibited either party from removing the child from the Geoi-gia court’s jurisdiction without permission.
Defendant father then journeyed to Columbia County, where he filed a petition for writ of habeas corpus before the same circuit judge who had in the divorce proceedings entered the final decree subsequently reversed by this court. The sole ground of the petition for habeas corpus was that temporary care of the child had been award-, ed to the husband by the Superior Court-of Clinch County, Georgia, and that the child was being wrongfully held by the mother in Columbia County, Florida, contrary to law and the rights vested in the father under the temporary custody order *488 entered in Georgia. The petition prayed that full faith and credit be given to the Georgia order, and the mother be required to deliver possession of the child to the father who would return it to the jurisdiction of the Georgia Court to await final disposition of the mother’s habeas corpus proceedings still pending there.
Upon consideration of the wife’s motion to dismiss the petition for writ of habeas corpus filed in Columbia County, Florida, the circuit judge held that the temporary custody order entered by the Superior Court of Clinch County, Georgia, was not such a judgment or decree of a foreign court as was entitled to full faith and credit under the Constitution of the United States, art. 4, § 1. This holding is based upon the former decisions of this and other courts of Florida, and was a correct interpretation of the holdings set forth in the opinions rendered in those cases.[2]
The petition for writ of habeas corpus containing no grounds showing the father’s superior right to custody of the child other than the order of the Georgia Court, the petition for habeas corpus was dismissed. It is the propriety of that order which appellant husband now seeks to have reviewed and reversed.
On the basis of the decisions heretofore cited, the circuit judge was correct in holding that the temporary custody order entered by the Superior Court of Clinch County, Georgia, was not entitled to full faith and credit under the Constitution of the United States. The order dismissing the petition for writ of habeas corpus was rendered prior to the judgment of this court reversing the chancellor and setting aside the final decree of divorce in the first suit brought by the wife against the husband. The custody of the minor child being an issue yet to be litigated in the divorce proceedings, we held the trial judge was correct in dismissing the habeas corpus proceedings now under review. Habeas corpus will not lie for the purpose of determining which parent is entitled to custody of a minor child when that issue is involved in a previously instituted proceeding between the parties and not yet disposed of by the court. The order of dismissal appealed is accordingly affirmed.
STURGIS, J., and SEBRING, HAROLD L., Associate Judge, concur.

. Wilmott et al. v. Wilmott, Fla.App.1960, 119 So.2d 54.

. In re Vermeulen’s Petition, Fla.App. 1959, 114 So.2d 192; Rhoades v. Bohn, Fla.App.1959, 114 So.2d 493; Foster v. Sharpe, Fla.App.1959, 114 So.2d 373.