TILLMAN PEARSON, Judge.
Rene Evans Paine, Jr., who is the appellant here, was the relator in a habeas corpus proceeding in the circuit court. He *709 appeals an order entered subsequent to the discharge of the writ which assessed attorney’s fees against him for the services of his former wife’s attorney in the habeas corpus action. We reverse.
The appellant and the appellee were divorced in 1959. By the decree of divorce the appellee was awarded custody of the two minor children of the marriage. Thereafter there ensued a succession of contests over the children in which the former husband sought to gain custody. These actions culminated in August 1962 when the appellant filed a petition for writ of habeas corpus in the Circuit Court of Dade County alleging that the appellee, former wife, illegally restrained the children and asked that he be awarded custody. The trial court ultimately discharged the petition for habeas corpus and pursuant to appellee’s motion, entered the order appealed:
“THIS CAUSE came before the Court upon the Respondent’s Motion to Assess Suit Money against Relator. The Court examined the record, heard argument of counsel for the parties, took the testimony of witnesses in regard to the amount of a reasonable attorney’s fee and is otherwise advised in the premises. The Court, in the exercise of its discretion, determines that it is fit, equitable and just to make an allowance to Respondent for an attorney’s fee and finds that the amount of $2,800.00 is a reasonable fee.”
The record reveals that this award was made by the trial judge upon his interpretation of § 65.16, Fla.Stat., F.S.A. The trial judge held that this statute empowers the court in a habeas corpus proceeding to allow an attorney’s fee to a wife who has successfully defeated an attempt to modify the custody provisions of a divorce decree. Section 65.16, Fla.Stat., F.S.A. reads as follows:
“65.16 Divorce; subsequent proceedings; costs, fees, etc.
“(1) Whenever any legal proceeding is brought for the purpose of enforcing a decree or order of the court, providing for the payment of alimony or support for children, the court may, in the exercise of a sound judicial discretion, allow to the divorced wife such sums of suit money, including a reasonable attorney’s fee, as from the circumstances of the parties and the nature of the case shall be fit, equitable and just.
“(2) Any order so made under the provisions of this section shall be enforced in the same manner as are other chancery orders or decrees.”
Appellant contends that (1) this allowance is without authority of the statute because no question of alimony or support was involved in the habeas corpus proceeding; (2) the statute by its reference of “other chancery decrees” clearly indicates that it was to be applicable only in chancery proceedings and (3) that the attorney’s fee allowed was not supported by the facts before the chancellor because the respondent’s former wife is a person of substantial wealth. Of these points we need to consider only the first. It clearly appears from the wording of the statute that the remedial purpose sought to be accomplished by the statute is the allowance of fees to a former wife in instances where it is necessary for her to either go into court or she is brought into court for the purposes of securing or defending her financial rights under the decree of divorce. In the present instance support was not concerned. The final judgment made no provision for the payment of alimony or child support to the appellee, wife. The habeas corpus proceeding was simply an action to determine who was legally entitled under the situation then existing to the custody of the minor children.
The appellee urges that the purpose to be accomplished by § 65.16, Fla.Stat., F.S.A., is properly extended to all actions where the validity of any provision of the decree of divorce is questioned. It is true that the Supreme Court of Florida has given *710 a broad interpretation to the purposes of this statute. In McNeill v. McNeill, Fla.1952, 59 So.2d 57, the ex-husband petitioned for modification of the custody provisions of a final divorce decree. The former wife answered the petition and in her answer requested an award of attorney’s fees. The lower court denied her request. The Supreme Court reversed with the holding: “It is our view and conclusion that * * * it was error on the part of the Chancellor below to deny the wife counsel fees in the defense of the husband’s suit brought against his former wife praying for a modification of the final decree * *
This court followed the liberal construction of the Supreme Court in Metz v. Metz, Fla.App.1959, 108 So.2d 512. In that case the father petitioned for a modification of the decree seeking to participate in the custody of the child. At the hearing, the circuit court modified the final decree by dividing the custody between the parents and authorizing the father to remove the child from Florida. Upon appeal it was urged that the court committed error in failing to allow the mother’s prayer for attorney’s fee. This court affirmed the lower court except as to the attorney’s fee of which it was stated:
“The appellant urges that she is entitled to an allowance under this section and relies upon McNeill v. McNeill, Fla.1952, 59 So.2d 57. We find that her position is correct. See also Simpson v. Simpson, Fla.1953, 63 So.2d 764, where the court points out that ‘enforcing1 should be given a broad and liberal interpretation.” [108 So.2d at 514]
In O’Neal v. O’Neal, Fla.App.1964, 158 So.2d 586, which opinion has been published since the preparation of the briefs in the case sub judice, this court affirmed an award for child support, counsel fees and costs in a habeas corpus proceeding brought by the husband where the wife retained custody of the children. This Court held that the award of attorney’s fees was not error because the award was based on an agreement between the parties which provided for the payment of future counsel fees, “as may be specifically ordered by any Court of competent jurisdiction.”
It thus appears that attorney’s fees may be awarded to a former wife pursuant to § 65.16, Fla.Stat., F.S.A. upon petition in chancery to change the custody provisions of a final decree of divorce and that a fee may be allowed to a former wife in a habeas corpus proceeding relative to custody of children where there is an agreement to pay such fees. It is further apparent that neither of these situations exist in the instant case. The only way that the fee, allowed by the final order here appealed, could be sustained would be upon a holding that a final order discharging a writ of habeas corpus is a “legal proceeding * * * brought for the purpose of enforcing a decree or order of the court, providing for the payment of alimony or support for children * *
The writ of habeas corpus is a common-law writ of ancient origin designed as a speedy method of affording a judicial inquiry into the cause of any alleged unlawful custody of an individual. Porter v. Porter, 60 Fla. 407, 53 So. 546. It is frequently used in Florida for the ascertainment of the right to custody of children. See 11 Florida Law and Practice, Habeas Corpus, § 23. Nevertheless, it is not a substitute for a petition to enforce or modify a divorce decree. Cf., Wilmott v. Wilmott, Fla.App.1960, 122 So.2d 486.
It is our view that the resort to this extraordinary remedy ought not be impeded in a case such as this by the granting of fees as though a petition for habeas corpus was a step in the enforcement of a divorce decree. Accordingly, the order allowing attorney’s fees to the respondent is reversed.
Reversed.