248 So.2d 677 (1970)
John Stanley REMP a/k/a Jack Roberts, Petitioner,
v.
STATE of Florida, Respondent.
No. N-427.
District Court of Appeal of Florida, First District.
July 21, 1970.
Robert P. Miller, Public Defender, for petitioner.
Earl Faircloth, Atty. Gen., J. Christian Meffert, Asst. Atty. Gen., for respondent.
SPECTOR, Judge.
We issued our rule nisi in this original habeas corpus action by which petitioner *678 seeks a belated full appellate review in accordance with the principles enunciated in Powe v. State, 216 So.2d 446 (Fla. 1968).
The return to the rule nisi has been filed by the Attorney General. The return brings to our attention certain facts omitted by the petitioner. Petitioner avers that in November, 1958, he was convicted of rape and sentenced to life imprisonment. He then avers that at the time of his conviction and sentence, he asked court-appointed counsel to file an appeal in his behalf and that appointed counsel advised that he would not do so. Petitioner then avers that the failure of his defense counsel to file an appeal when asked to do so violated his constitutional rights as pronounced in Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), and like cases. This line of cases has been followed as controlling law by the courts of this State.
The State's return to the rule advises that on November 16, 1964, petitioner filed a motion to vacate his judgment and sentence under Florida Criminal Procedure Rule 1, the denial of which by the trial court was appealed to this court; and on July 14, 1965, we dismissed the said appeal for failure to prosecute, thus rendering final the trial court's order of denial. Then on December 16, 1965, petitioner filed a petition for a writ of habeas corpus in the Florida Supreme Court which was denied on February 15, 1966. On July 25, 1966, petitioner filed a petition for writ of habeas corpus in the United States District Court, Middle District of Florida, and that petition was denied as being without merit. Copies of the appropriate pleadings and orders referred to next above are attached as exhibits to the State's return.
The State further avers in its return that the lawyer who had been appointed to defend petitioner at his trial and which lawyer petitioner contends refused to take an appeal to review the judgment of conviction and sentence is now deceased. Hence, the only person who could possibly refute petitioner's contention that he requested an appeal is now dead.
We agree with the State's contention that petitioner, thirteen years after his conviction, is now estopped from asserting for the first time that he desired to take an appeal but his court-appointed lawyer declined to perfect same. In none of the several efforts resorted to by petitioner to set aside his conviction and sentence has petitioner contended or asserted that he was deprived of a direct appeal. He does so now for the first time.
The State contends that the doctrine of laches is applicable and precludes petitioner's right to now claim his entitlement to a belated appeal.
We hold that in cases such as the one at hand where a petitioner refrains or delays for an inordinate period of time from asserting an alleged infringement of his constitutional rights until such time as the only person who could rebut his allegations is deceased or otherwise unavailable, his allegations can and should be dismissed. Tyler v. Beto, 391 F.2d 993 (5th Cir.1968). It is obvious from petitioner's assertion of post-conviction remedies on several occasions that he was not unaware that the courts were available for the vindication of any deprivation of his constitutional rights, if such deprivations existed.
In Dean v. North Carolina, 269 F. Supp. 986 (M.D.N.C. 1967), the court stated:
"* * * The inordinate delay has made a retrial exceedingly difficult, if not impossible. Mathis v. United States, 4 Cir., 369 F.2d 43 (1966). While it is generally held that the doctrine of laches is not an absolute bar to the prosecution of a claim for post-conviction relief, it has been recognized that the lapse of time affects the quantum of required proof as well as the good faith and credibility of the moving party. Heflin v. United States, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959). In Giddens v. Isbrandtsen Co., 4 Cir., 355 F.2d 125, 127 (1966), *679 the doctrine of laches is explained as follows:
"`Laches is sustainable only on proof of both of two elements: "(1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense." Costello v. United States, 365 U.S. 265, 282, 81 S.Ct. 534, 5 L.Ed.2d 551 (1961). The latter contemplates the dispersal and inaccessibility of witnesses, the dimming recollections and other disadvantages incident to the lapse of time. Thus the presence of laches is ascertained by a balancing of the claimant's delay with the proffered excuse, if any, against the defendant's consequent detriment. The determination demands a weighing of equities. These in turn depend upon an assay of the circumstances.'
"While it is important that one convicted of crime in violation of constitutional principles should be accorded relief, it is equally important that reasonable diligence be required to the end that convictions may some day be at an end. A convicted person should not be permitted to allow years to pass during which witnesses die, disappear or forget, and his own imagination grows and expands, before bringing constitutional claims to the attention of the court. States have a right to assume that transactions are closed and settled within a reasonable time, and to rely upon the finality of judgments. Bowen v. United States, 5 Cir., 192 F.2d 515 (1951); and United States v. Wiggins, 184 F. Supp. 673, 676 (D.C. 1960). Also see ABA Project on Minimum Standards for Criminal Justice  Standards Relating to Post-Conviction Remedies, § 2.4, page 48 (tentative draft)." 269 F. Supp. at 992.
See also United States ex rel. Darrah v. Brierly, 415 F.2d 9 (3d Cir.1969).
On authority of the foregoing cases, the rule nisi herein is dissolved and the petition denied.
CARROLL, DONALD K., Acting C.J., and WIGGINTON, J., concur.