376 So.2d 1187 (1979)
Billy Ray BABSON, Petitioner,
v.
Louie L. WAINWRIGHT, Secretary, Department of Offender Rehabilitation, State of Florida, Respondent.
No. 76-156/NT4-37.
District Court of Appeal of Florida, Fifth District.
October 17, 1979.
Rehearing Denied December 5, 1979.
Richard L. Jorandby, Public Defender, Frank B. Kessler, Chief, App. Div., Joseph R. Atterbury, Asst. Public Defender, West Palm Beach, for petitioner.
Robert L. Shevin, Atty. Gen., Tallahassee, Benedict P. Kuehne, Asst. Atty. Gen., West Palm Beach, for respondent.
BERANEK, JOHN R., Associate Judge.
This case was filed on January 22, 1976, as a petition for writ of habeas corpus seeking belated appellate review pursuant to Baggett v. Wainwright, 229 So.2d 239 (Fla. 1969); and Hollingshead v. Wainwright, 194 So.2d 577 (Fla. 1967). Petitioner seeks his release from prison asserting that he never had an appeal of his second degree murder conviction. He contends he is thus entitled to a new trial pursuant to Delap v. State, 350 So.2d 462 (Fla. 1977), and Turner v. State, 347 So.2d 1033 (Fla. 4th DCA 1976).
The history leading up to this belated appellate review is as follows. Defendant was indicted for the offense of first degree murder and tried and convicted of second degree murder.
On July 30, 1965, in Case No. 61-777 in the Circuit Court for Orange County, Florida, the petitioner was sentenced to a term of life imprisonment for the offense of second degree murder. A defense motion for new trial was denied October 28, 1965. Defendant was represented in said trial by Attorney Arnold D. Levine of Tampa, Florida, who was court-appointed counsel. As of August, 1978, defendant has spent 13 years in the Florida State Prison System.
After his conviction Babson told his court-appointed counsel he wanted to take an appeal and the attorney advised against it. At that point the attorney believed that if Babson took the appeal and won it, he might be retried for first degree murder. Subsequent judicial decisions have made it clear that this could not have happened, but this is the history of a case with which we must contend. In any event, Babson's counsel did eventually file two notices of appeal. On January 24, 1966, he filed a *1188 notice of appeal directed to the Second District Court of Appeal, and on January 28, 1966, he filed a notice of appeal directed to the Fourth District Court of Appeal. On March 9, 1966, the State of Florida filed a motion to dismiss petitioner's appeal instituted by notice of appeal filed January 28, 1966. This motion to dismiss was filed in the Fourth District Court of Appeal. On April 15, 1966, the Fourth District Court of Appeal entered an order denying the motion to dismiss. By this order the Fourth District Court of Appeal indicated its willingness to proceed with a hearing on the merits of the defendant's appeal. A motion for rehearing by the State was filed and denied on May 2, 1966. On June 11, 1966, the State of Florida filed a suggestion for writ of prohibition in the Florida Supreme Court. Court-appointed counsel for petitioner filed his response to the suggestion for writ of prohibition. Eventually, by order of June 21, 1966, in Case No. 35,439, the Supreme Court prohibited the District Court, Fourth District, from entertaining the appeal. State ex rel. Faircloth v. District Court of Appeal, Fourth District, 188 So.2d 824 (Fla. 1966).[1] This Court was enjoined and restrained from further proceedings in regard to petitioner's appeal except to dismiss the appeal. Pursuant thereto this Court dismissed petitioner's appeal without opinion. See, Babson v. State, 188 So.2d 696 (Fla. 4th DCA 1966).
Basically, petitioner's position was that he had filed a timely notice of appeal on January 24, 1966, which was within the 90-day requirement in existence at that time and that although this notice of appeal was directed to the denial of his motion for new trial, resort to the supporting documents, such as the assignments of error, clearly indicated that the appeal was from the conviction and sentence. See Section 924.09 Florida Statutes (1965) and Florida Appellate Rule 1962 Revision 3.2(b). The State's position was to the contrary and the Supreme Court of this State accepted the State's position. In April, 1966, when this Court denied the State's motion to dismiss the initial appeal, this Court was of the opinion that petitioner's original appeal was a valid appeal pursuant to Robbins v. Cipes, 181 So.2d 521 (Fla. 1966), and Greyhound Corp. v. Carswell, 181 So.2d 638 (Fla. 1966), which cases were cited in this Court's order denying motion to dismiss.
Since the final dismissal of the initial appeal herein, the trial judge has died and the court reporter's trial notes have been destroyed. Petitioner now seeks belated appellate review. Pursuant to this request numerous appellate proceedings have occurred before this Court, along with further proceedings in the trial court.
Nine different appellate judges have entered various orders resulting in the appointment of a circuit judge as a commissioner on two different occasions. A motion to relinquish jurisdiction to prepare trial transcript was granted by this Court on June 15, 1977. On August 24, 1977, the commissioner certified that it would be impossible to reconstruct a transcript of the trial in the case. Included within this certification by the commissioner was an affidavit from the court reporter's office to the effect that the stenographic notes of the court reporter were destroyed in 1970. After receipt of this certification, the State took the position that the defendant was guilty of laches in failing to promptly seek appellate review after the dismissal of his appeal. By order of July 12, 1978, this Court appointed a circuit judge as a commissioner to make findings of fact. These findings were filed with this Court on September 11, 1978. Supplemental briefs from the parties were requested upon receipt of the commissioner's findings. The commissioner made findings to the effect that in 1976 petitioner became a roommate of a lawyer in prison and it was only then that petitioner learned of all of the various legal arguments he could have made at an earlier *1189 The commissioner found that the representations of petitioner Babson were true and reached the legal conclusion that Babson did not fail to exercise due diligence in pursuing his appeal because it was only in 1976 that he came to a full understanding of what happened after the trial of his case. In the hearing before the commissioner, court-appointed counsel was unable to recall if he had ever told his client that the appeal had been dismissed. Babson stated he had never been told. We find this testimony to be an insufficient legal basis on which to conclude that Babson exercised due diligence over the years. To simply allow court-appointed counsel to plead lack of memory and to accept Babson's statement that he never knew in the face of the background and all of the circumstances in this case is a process we cannot countenance.
Perhaps it was the duty of the State to more vigorously pursue the matter before the commissioner. In any event, we conclude we are not bound by the commissioner's legal conclusion regarding Babson's diligence. We reach a different legal result from the established facts before the commissioner. It was only in 1976 when Babson became a roommate of a lawyer inmate that he found out about the legal and factual arguments he could make. This does not mean that Babson exercised due diligence at all times. We conclude in accordance with Remp v. State, 248 So.2d 677 (Fla.1st DCA 1970) that Babson is guilty of laches and undue delay which has resulted in prejudice to the State when in 1970 the reporter's notes were destroyed.
The State argues that this Court is prohibited from considering Babson's request for delayed appellate review because it was previously prohibited from hearing his direct appeal. Since we find against petitioner on other grounds, we need not answer this question directly, however, we do choose to comment thereon.
There is an ever-increasing proliferation of post-trial attacks on criminal convictions throughout the entire criminal justice system. The instant case represents an aggravated example of the complexities and years of legal proceedings which may result. The fact that a conviction appears never to be final and may be subject to continual attack in the appellate courts is a tendency which is continuing to grow and to erode public confidence. We conclude this problem has grown to serious proportions and if we have any discretion in this regard, we now exercise it by denying relief herein. There is something illogical about the argument that we must now give petitioner a new trial because he did not get his appeal many years ago because this Court was prohibited from hearing the appeal. Perhaps this is all a part of the price of judicial progress but some place within this system there should be a basic inquiry as to whether petitioner was guilty of the crime of which he was convicted and whether there was any arguable merit to the appeal. Were it not for the controlling precedent of Rodriquez v. United States, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969), we would hold the defendant herein was required to demonstrate a prima facie showing of error before a new trial would be ordered. This is particularly true where petitioner's trial counsel had been involved in the case from the beginning and remains available. Although a transcript of the entire trial is not available, some 9 volumes of trial court record is available, along with voluminous appellate documentation.
As indicated above, we deny the relief requested herein in the form of a new trial on the finding that the petitioner has failed to exercise due diligence. In doing so we reject the conclusions of the commissioner in this regard. The petition for belated appellate review is hereby DENIED.
PETITION DENIED.
MOORE, JOHN H., II, Associate Judge, concurs.
ANSTEAD, HARRY LEE, Associate Judge, dissents.
ANSTEAD, HARRY LEE, Associate Judge, dissenting:
I think the petitioner is entitled to a new trial under the holdings in Delap v. State, *1190 350 So.2d 462 (Fla. 1977) and Turner v. State, 347 So.2d 1033 (Fla. 4th DCA 1976).
NOTES
[1] The West Reporter indicates a denial of prohibition without opinion. This is an error. Inspection of the original documents in the office of the Clerk of the Supreme Court of Florida shows that the writ of prohibition was granted. This Court later dismissed the appeal pursuant to order of the Supreme Court. Babson v. State, 188 So.2d 696 (Fla. 4th DCA 1966).