411 So.2d 1038 (1982)
Hilbert WALKER, Petitioner,
v.
Louie L. WAINWRIGHT, Secretary of the Department of Corrections, Respondent.
No. AF-173.
District Court of Appeal of Florida, First District.
April 1, 1982.
Hilbert Walker, pro se.
Jim Smith, Atty. Gen. and Gregory C. Smith, Asst. Atty. Gen., for respondent.
PER CURIAM.
Petitioner seeks a writ of habeas corpus for a belated appeal[1] from his rape conviction in 1973. For the reasons outlined below, we decline to grant petitioner a belated appeal. Accordingly, the petition is denied.
Subsequent to his conviction, petitioner allegedly requested his court-appointed attorney *1039 to file an appeal.[2] It was not filed. Petitioner apparently took no further action regarding an appeal until he filed the instant petition, eight years after his conviction. The state indicates that petitioner's delay in seeking his belated appeal has precluded it from being able to adequately respond to the allegations in the petition. Petitioner relies on Bashlor v. Wainwright, 374 So.2d 546 (Fla. 1st DCA 1979), where a convict waited 28 years to petition for a belated appeal and this Court held that the doctrine of laches did not apply to preclude an appeal. However, in that case, the defendant had been convicted prior to the United States Supreme Court's decision recognizing the right to appointed counsel on appeal in Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), and the Florida Supreme Court's decision that Douglas should be applied retroactively in Baggett v. Wainwright, 229 So.2d 239 (Fla. 1970). Further, the state made no assertion that any prejudice it would suffer due to loss of witnesses, counsel, judges, record and other evidence, had increased since the time this state recognized Bashlor's claim as actionable. In Mr. Walker's case, the state asserts prejudice to it due to Mr. Walker's delay.
In this case, the doctrine of laches applies to preclude this belated appeal. Broxson v. Wainwright, 271 So.2d 478 (Fla. 1st DCA 1973); and Remp v. State, 248 So.2d 677 (Fla. 1st DCA 1970). Petitioner has attached pages from his trial transcript showing he had been advised of his right to appeal and to have counsel appointed for this purpose, should he be indigent. Some diligence on the part of a defendant to pursue this right, upon being informed of it, is required. Babson v. Wainwright, 376 So.2d 1187 (Fla. 5th DCA 1979); and Cooper v. State, 258 So.2d 464 (Fla. 1st DCA 1972). The prejudice to the state caused by petitioner's unnecessary delay in raising his claim far outweighs any alleged denial of a constitutional right in this case.
Accordingly, the petition for writ of habeas corpus for a belated appeal is denied.
SHAW, WENTWORTH and THOMPSON, JJ., concur.
NOTES
[1] See Baggett v. Wainwright, 229 So.2d 239 (Fla. 1970); and Hollingshead v. Wainwright, 194 So.2d 577 (Fla. 1967).
[2] Petitioner has attached a copy of a letter, allegedly written to his attorney in 1973, shortly after his conviction, requesting a copy of the notice of appeal filed in his case. The state responded that petitioner's attorney has no recollection of whether petitioner asked him to file an appeal.