427 So.2d 257 (1983)
Norman Henry DESPRES a/K/a Joseph Cozzi, Petitioner,
v.
STATE of Florida, Respondent.
No. 82-173.
District Court of Appeal of Florida, Fifth District.
February 16, 1983.
Norman Henry Despres, pro se.
Jim Smith, Atty. Gen., Tallahassee, and Shawn L. Briese, Asst. Atty. Gen., Daytona Beach, for respondent.
SHARP, Judge.
Despres seeks a belated review of his robbery conviction. He alleged that he asked his public defender to appeal the conviction immediately after the jury returned with a guilty verdict, but no appeal was taken. Some fourteen months after a life sentence was imposed on Despres in this *258 case, he filed a 3.850 motion[1] with the trial court to obtain a belated appeal. The lower court summarily denied his motion. We elected to treat Despres's pro se pleading as a petition for habeas corpus to secure a belated appeal.[2]
Because we were concerned Despres might have been denied his right of appeal by failure of the public defender to pursue an appeal on his behalf upon his timely request, we appointed a Commissioner to conduct a hearing on these issues. The Commissioner's findings included the following:
1. The Defendant was sentenced on May 1, 1974, and advised in open court of his right to appeal.
2. The Defendant never timely requested that an Appeal be filed. The testimony presented to the Commissioner is in conflict on this issue, however the Commissioner finds the testimony of the Petitioner and his witnesses not credible and therefore finds that Petitioner did not timely request an appeal be taken.
3. The Defendant was sentenced immediately after the jury conviction and his trial attorney, Assistant Public Defender, Hale Stancil, after expressing his condolences to the Petitioner, never again communicated with the Petitioner for any purpose.
4. The Petitioner had previously been sentenced to one hundred and five years in the state prison and the life sentence imposed in this case was consecutive to that one hundred and five years.
5. That the trial attorney has an affirmative obligation to confer with his client during that 30-day period and readvise him of his rights and to make a determination as to whether or not he wishes to appeal. This was not done in this case and in this Commissioner's opinion, is negligence.
6. The defense of laches does apply in this case, inasmuch as the Petitioner made no effort to appeal until July 7, 1975, a period of more than 14 months after the sentence was imposed.
In a proper case, laches may bar the defendant's right to seek a belated appeal. Walker v. Wainwright, 411 So.2d 1038 (Fla. 1st DCA 1982); Remp v. State, 248 So.2d 677 (Fla. 1st DCA 1970). However, the application of the doctrine of laches requires the finding of two elements: inordinate delay on the part of the person seeking to assert the right; and prejudice to the State. Blatch v. State, 389 So.2d 669 (Fla. 3d DCA 1980); Remp, 248 So.2d 677. Since the second element was not found by the Commissioner, nor does the record afford a basis for such a finding, Despres's appeal rights are not barred by laches.
No Florida appellate case has yet held, so far as we have discovered, that trial counsel's failure to advise a defendant of his right to appeal constitutes "state action" within the context of Baggett v. Wainwright, 229 So.2d 239 (Fla. 1969), and Hollingshead v. Wainwright, 194 So.2d 577 (Fla. 1967). This may be because Florida Rule of Criminal Procedure 3.670 requires the trial judge to advise a defendant of his right to appeal. Appellant's position on this issue might be persuasive if it could be shown that neither the trial judge nor appellant's counsel advised appellant of his right to appeal, so that through complete ignorance of his rights he never requested his counsel to appeal his conviction.[3] But this is not the case here, so we need not address that point.
At the hearing before the Commissioner, Despres testified the trial judge advised him of his right to appeal. The Commissioner, however, resolved conflicting testimony on the issue of whether Despres asked his attorney to appeal. His findings are binding on us. Cuna Mutual Insurance Society v. Adamides, 334 So.2d 75 (Fla. 3d DCA 1976); Biscayne Manufacturing Corp. v. Sandav Corp., 323 So.2d 315 (Fla. 3d DCA 1975).
*259 For the reasons stated herein, Despres's petition for habeas corpus to obtain a belated appeal is
DENIED.
ORFINGER, C.J., and FRANK D. UPCHURCH, J., concur.
NOTES
[1] Fla.R.Crim.P. 3.850.
[2] Baggett v. Wainwright, 229 So.2d 239 (Fla. 1969); Fla.R.App.P. 9.040(b) & (c).
[3] But see Nichols v. Wainwright, 243 So.2d 430 (Fla. 2d DCA 1971).