591 So.2d 1097 (1992)
In the Interest of E.H., a Child.
No. 91-1429.
District Court of Appeal of Florida, First District.
January 2, 1992.
Walter Bell, Jacksonville, for appellant.
John Alexander, Jacksonville, for appellee.

ON MOTION FOR RECONSIDERATION
PER CURIAM.
Appellant has filed a motion asking for reconsideration of this court's order dismissing this appeal for lack of jurisdiction based upon appellant's failure to timely file the notice of appeal. In the alternative, appellant requests we grant appellant a belated appeal. We deny both motions.
Appellant is the mother of E.H. The Department of Health and Rehabilitative Services (HRS) filed a petition in the trial court seeking to terminate appellant's parental rights. Ultimately, an order was entered terminating appellant's parental rights. That order was rendered on March 26, 1991. Appellant's counsel filed a notice of appeal of that order on April 26, 1991. Because the notice of appeal appeared to be untimely filed, this court entered an order directing appellant to show cause why the appeal should not be dismissed for failure to timely file the notice of appeal. Appellant responded with a "motion" arguing that the appeal not be dismissed. Appellant admitted the notice was late but stated that "the date [for filing the notice of appeal] was not placed on counsel's calendar." Appellant argued she would be irreparably harmed if the appeal were dismissed and stated that appellee had no objection to the motion. Because the time limit for filing the notice of appeal is jurisdictional, e.g., Lampkin-Asam v. District Court of Appeal, 364 So.2d 469 (Fla. 1978), we dismissed the appeal in an unpublished order.
Appellant's motion for reconsideration and request for belated appeal points out that appellant is indigent and counsel for appellant was appointed. See In the Interest of D.B., 385 So.2d 83 (Fla. 1980) (parent whose parental rights are being terminated is constitutionally entitled to counsel). The motion further argues that it was solely the fault of counsel that the notice of appeal *1098 was not timely filed and, under such circumstances, the order of dismissal should be vacated or appellant should be given the right to a belated appeal. At oral argument counsel for appellant argued that because of the unique nature of cases involving the termination of parental rights, not granting a belated appeal would mean irreparable injury to appellant. Counsel for HRS argued that while such cases are unique they are not so unique as to warrant granting a belated appeal. Alternatively appellee argued that appellant's remedy, if any, lies in the trial court.
The right to a belated appeal is very limited. In general it is limited to a showing that the appellant's efforts to appeal were thwarted by state action or in criminal cases by the failure of counsel to timely file the notice of appeal. See, e.g., Scalf v. Singletary, 589 So.2d 986 (Fla. 2d DCA 1991); Turner v. State, 588 So.2d 1042, 1043 (Fla. 5th DCA Nov. 7, 1991); Darden v. State, 588 So.2d 275 (Fla. 2d DCA 1991); Cox v. State, 583 So.2d 822 (Fla. 4th DCA 1991). State v. District Court of Appeal of Florida, First District, 569 So.2d 439 (Fla. 1990). Appellant does not claim state action is involved in this case; nor is this a criminal case. Appellant has cited no authority, and we can find none, which specifically holds that in a case involving the termination of parental rights, appellant is entitled to a belated appeal based on the ineffective assistance of counsel in failing to timely file the notice of appeal. We acknowledge that the reason underlying the right to a belated appeal in criminal cases, i.e., the constitutional right to counsel, also exists in termination of parental rights cases.[1] However, unlike criminal cases, parental rights cases involve the rights of more than just the appellant. Besides the parent, the child's rights are clearly at issue. We can envision some circumstances where even if there were a right to a belated appeal in such cases it might be inappropriate to grant the parent a belated appeal, such as where the child has already been adopted. Cf. Despres v. State, 427 So.2d 257 (Fla. 5th DCA 1983); Walker v. Wainwright, 411 So.2d 1038 (Fla. 1st DCA 1982). (In a proper case laches may bar the right to a belated appeal). In contrast, if the order terminating parental rights is wrong, why should the child be deprived of parental association because the parent's counsel was ineffective?
Absent direction from our supreme court, we are not willing to open the door to belated appeals any wider. We do, however, certify the following issues as ones of great public importance:
1) IN A CASE INVOLVING THE TERMINATION OF PARENTAL RIGHTS IS THE PARENT ENTITLED TO BELATED APPEAL BASED ON THE INEFFECTIVE ASSISTANCE OF COUNSEL IN FAILING TO TIMELY FILE THE NOTICE OF APPEAL; and
2) IF THE PARENT IS ENTITLED TO BELATED APPEAL, BY WHAT PROCEDURE AND IN WHAT COURT SHOULD THE RIGHT BE SOUGHT?[2]
*1099 Accordingly, appellant's motion for reconsideration of our order of dismissal and alternative request for belated appeal are denied. The dismissal is without prejudice to appellant seeking whatever relief appellant deems appropriate in the trial court.
JOANOS, C.J., and BOOTH and KAHN, JJ.
NOTES
[1] The right to counsel in criminal cases flows from the sixth amendment to the United States Constitution made applicable to the states by the fourteenth amendment. E.g., In the Interest of D.B., 385 So.2d at 89. In contrast, the right to counsel in termination of parental rights cases stems from the due process clauses of the federal and Florida Constitutions. Id. at 90.
[2] Prior to the Florida Supreme Court's opinion in State v. District Court of Appeal, the method for seeking the right to belated appeal was a petition for writ of habeas corpus filed in the appellate court. E.g., Baggett v. Wainwright, 229 So.2d 239 (Fla. 1969), writ discharged, 235 So.2d 486 (Fla. 1970). However, in State v. District Court of Appeal, the court held that criminal defendants could not raise such a claim through a petition for writ of habeas corpus. The court ruled that Florida Rule of Criminal Procedure 3.850 is intended to prohibit courts from entertaining habeas corpus petitions raising issues cognizable under Rule 3.850. Id. at 441. Since ineffective assistance of trial counsel, including failure to timely file the notice of appeal, can be raised by Rule 3.850, habeas is not available to raise that issue. Id. at 442. Relief pursuant to Rule 3.850 would not be available to appellant here. We believe that the underlying reasons for that ruling, i.e., the resolution of factual issues are applicable to this situation. For that reason if appellant is entitled to relief at all, appellant, we believe, should first seek that relief in the trial court. In Florida habeas corpus has been authorized as a remedy for ascertaining the right to custody of children. E.g., State ex rel. Paine v. Paine, 166 So.2d 708, 710 (Fla. 3d DCA 1964). Since ultimately appellant is seeking to reclaim custody of E.H., we think habeas would be the appropriate remedy to seek belated appeal, if such a right exists.