pgR CURIAM.
This is an appeal from a final order which terminated appellant’s parental rights. Appellee has moved to dismiss the appeal arguing that the notice of appeal was not timely filed. We grant the motion.
Appellee’s motion to dismiss the appeal points out that the notice of appeal was filed on August 23, 1991. The motion also states that the order terminating parental rights was rendered on July 18, 1991. Because the notice appeared to be untimely filed we issued an order to show cause why the appeal should not be dismissed. Appel-lee has filed a response to the order to show cause. The response asserts that after entry of the order terminating appellant’s rights, appellant’s appointed counsel[1] advised the trial court of appellant’s intention to appeal and, since appellant was indigent, of the need to appoint appellate counsel to represent appellant in the appeal. Appellant’s counsel notes in the motion that he was not advised that he had been appointed to represent appellant on appeal until after the time for filing the notice of appeal had expired. Appellant argues that under such circumstances appellant should be entitled to a belated appeal.
We dismiss this appeal for the reasons expressed in our opinion in In the Interest of E.H., 591 So.2d 1097 (Fla. 1st DCA 1992). In E.H. the appellant sought the right to a belated appeal based upon the alleged ineffective assistance of counsel in failing to timely file the notice of appeal. Here appellant’s claim for belated appeal is based on the allegation that counsel did not receive notice he was representing appellant on appeal. The problem with appellant’s theory is that it is the responsibility *1100 of trial counsel to file the notice of appeal, not appellate counsel. Turner v. State, 588 So.2d 1042, 1043 (Fla. 5th DCA 1991); Cf. State v. District Court of Appeal of Florida, First District, 569 So.2d 439 (Fla.1991) (failure to timely file the notice of appeal constitutes ineffective assistance of trial counsel giving rise to relief pursuant to Florida Rule of Criminal Procedure 3.850). Admittedly, those were criminal cases and the opinions are based in part on Florida Rule of Appellate Procedure 9.140. This is not a criminal case and Rule 9.140 is not applicable, but in our opinion the rule of law announced in those cases is sufficiently analogous to apply in this type of case.[2]
As we did in E.H., we certify the following questions to the Supreme Court as ones of great public importance:
1) IN A CASE INVOLVING THE TERMINATION OF PARENTAL RIGHTS, IS THE PARENT ENTITLED TO BELATED APPEAL BASED ON THE INEFFECTIVE ASSISTANCE OF COUNSEL IN FAILING TO TIMELY FILE THE NOTICE OF APPEAL;. and
2) IF THE PARENT IS ENTITLED TO BELATED APPEAL, BY WHAT PROCEDURE AND IN WHAT COURT SHOULD THE RIGHT BE SOUGHT?
Accordingly, this appeal is hereby dismissed. As in E.H. our dismissal is without prejudice to appellant seeking whatever relief appellant deems appropriate in the trial court.
JOANOS, C.J., and BOOTH and KAHN, JJ., concur.

. See In the Interest of D.B., 385 So.2d 83 (Fla.1980).

. Were it not for the holding in State v. District Court of Appeal, it would appear, although we do not so hold, that appellant would have a claim for relief pursuant to Florida Rule of Juvenile Procedure 8.250. Cf. Woldarsky v. Woldarsky, 243 So.2d 629 (Fla. 1st DCA 1971) (where party has no notice of entry of order, trial court had jurisdiction to re-enter order to allow appeal). See also New Washington Heights Community Development Conference v. Department of Community Affairs, 515 So.2d 328 (Fla. 3d DCA 1987).