609 So.2d 1289 (1992)
In the Interest of E.H., a Child.
No. 79262.
Supreme Court of Florida.
December 10, 1992.
Walter Bell, Jacksonville, on behalf of the mother, for petitioner.
Robin Whipple-Hunter, Asst. Dist. Legal Counsel, Jacksonville, on behalf of the Dept. of Health and Rehabilitative Services, for respondent.
*1290 McDONALD, Justice.
We have for review In the Interest of E.H., 591 So.2d 1097, 1098 (Fla. 1st DCA 1992), in which the district court certified the following questions as being of great public importance:
1) IN A CASE INVOLVING THE TERMINATION OF PARENTAL RIGHTS IS THE PARENT ENTITLED TO BELATED APPEAL BASED ON THE INEFFECTIVE ASSISTANCE OF COUNSEL IN FAILING TO TIMELY FILE THE NOTICE OF APPEAL; and
2) IF THE PARENT IS ENTITLED TO BELATED APPEAL, BY WHAT PROCEDURE AND IN WHAT COURT SHOULD THE RIGHT BE SOUGHT?
We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution.
The Department of Health and Rehabilitative Services (HRS) filed a petition in the trial court seeking to terminate the parental rights of the mother of E.H., a minor child. On March 26, 1991, the trial court entered an order terminating the mother's parental rights. The mother's attorney filed a notice of appeal of that order on April 26, 1991. Because the notice of appeal was filed one day after the filing deadline, the district court dismissed the appeal in an unpublished order for lack of jurisdiction.
The district court also denied the mother's motion for reconsideration and request for belated appeal. Under existing rules and case law the district court acted properly in dismissing the appeal, but properly certified the questions to this Court. After hearing oral argument, we issued an order granting the belated appeal, 609 So.2d 1289, based on the unique and limited circumstances presented by this case.[1] We issue this opinion to explain our reasons for granting that order.
Florida has established a strong public policy in favor of protecting the relationship between natural parents and their children. Burk v. Department of Health and Rehab. Servs., 476 So.2d 1275 (Fla. 1985). "The time-honored legal rights of a parent to the custody of his or her child may only be taken away where the ultimate welfare or best interest of the child requires the termination of parental rights." Id. at 1278. We recognize that a constitutionally protected interest exists in preserving the family unit and in raising one's children. Moore v. City of East Cleveland, 431 U.S. 494, 97 S.Ct. 1932, 52 L.Ed.2d 531 (1977); In re D.B., 385 So.2d 83 (Fla. 1980). Because the termination of parental rights permanently severs the legal bond between a natural parent and child, parents should not be deprived of their rights to raise their children except under extreme circumstances.
In the instant case, the mother's attorney was appointed to represent her at both the trial and appellate levels. See In re D.B., 385 So.2d 83 (Fla. 1980) (a constitutional right to appointed counsel arises where the proceedings can result in permanent loss of parental custody). The mother's attorney inadvertently failed to file the notice of appeal within 30 days of the trial court's order.[2] We do not believe that the attorney's mistake should be imputed to the mother when the consequence of the mistake is the mother's permanent loss of custody of her children. Therefore, based strictly on the extenuating circumstances of this particular case, we answer the first certified question in the affirmative.
With respect to the second certified question, in those limited situations when a parent is entitled to belated appeal, the petition for writ of habeas corpus is the proper procedural vehicle for seeking the appeal. The writ of habeas corpus was designed as a speedy method of affording a judicial inquiry into the cause of the alleged unlawful custody of an individual. *1291 State ex rel. Paine v. Paine, 166 So.2d 708 (Fla. 3d DCA 1964). For that reason, habeas corpus has been authorized as a remedy for ascertaining a parent's right to custody of his or her children. Id. We hold that the parent's petition for writ of habeas corpus should be filed with the trial court. This will permit a resolution of any factual issues as well as any defenses including those predicated upon laches. See Walker v. Wainwright, 411 So.2d 1038 (Fla. 1st DCA 1982).
We emphasize that we do not condone the type of legal representation that made the grant of a belated appeal necessary in this case. The rules of appellate procedure, and the filing deadlines therein, were adopted for the purpose of standardizing and expediting the appellate process. In re Proposed Fla.App. Rules, 351 So.2d 981, 983 (Fla. 1977) (Introductory Note). We did not grant the belated appeal in this case based on precedent, but on the significant policy interest in ensuring that a parent and child are not separated without a thorough review of the merits of the case.
It is so ordered.
BARKETT, C.J., and OVERTON, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] E.H. has been in foster care since 1983. In an effort to ensure that the child's permanent home is determined as soon as possible, we directed the district court to expedite its consideration of the merits of the mother's appeal.
[2] Rule 9.110(b), Fla.R.App.P., provides: "Jurisdiction of the court under this rule shall be invoked by filing two copies of a notice, accompanied by filing fees prescribed by law, with the clerk of the lower tribunal within 30 days of rendition of the order to be reviewed."