740 So.2d 1243 (1999)
Clifford E. BARTZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 99-1129.
District Court of Appeal of Florida, Third District.
September 1, 1999.
Rehearing Denied September 29, 1999.
*1244 Clifford E. Bartz, in proper person.
Robert A. Butterworth, Attorney General, and Simone P. Firley, Assistant Attorney General (Fort Lauderdale), for appellee.
Before NESBITT, SHEVIN, and SORONDO, JJ.
NESBITT, J.
In 1977, Clifford E. Bartz pled guilty to armed robbery and was sentenced to three years in prison. In 1998, Bartz, who is currently incarcerated in a federal prison in New York, filed the instant motion to withdraw his 1977 guilty plea, claiming that the plea was not knowing, voluntary, and intelligent.
Until recently, Bartz would not have been authorized to seek postconviction relief through a motion to vacate, set aside or correct his sentence, because Bartz's prison sentence in Florida has long since been served and he is not in State custody. See State v. Taylor, 722 So.2d 890 (Fla. 4th DCA 1998). Moreover, such a motion would be time-barred under Rule 3.850. Prior to the recent Florida Supreme Court case Wood v. State, 24 Fla. L. Weekly S240, ___ So.2d ___, 1999 WL 334750 (Fla. May 27, 1999), the appropriate avenue of relief for a petitioner no longer in State custody was by writ of error coram nobis. See Richardson v. State, 546 So.2d 1037, 1038 (Fla.1989). Wood deleted the "in custody" requirement of Rule 3.850, and provided that both custodial and non-custodial movants would be governed by the same rule, Rule 3.850. See Wood, at *3-5, at ___-___. Thus, Wood eliminates the writ of error coram nobis for non-custodial movants. Wood further held that the time limits applicable to Rule 3.850 motions would also be applied to motions previously filed as petitions for writ of error coram nobis. See id. This holding does not make Bartz's motion time-barred, however, as the Court also held that defendants adjudicated prior to the filing of the Wood decision would "have two years from the filing date within which to file claims traditionally cognizable under coram nobis." Id. Therefore, we considered Bartz's motion and hereby affirm the trial court's denial of it.
First, in our view, Bartz's motion is barred by the doctrine of laches. Laches is sustainable in a criminal case where there has been both a lack of due diligence on the part of the defendant in bringing forth a claim and prejudice to the State. See Remp v. State, 248 So.2d 677, 678-79 *1245 (Fla. 1st DCA 1970), citing Costello v. United States, 365 U.S. 265, 81 S.Ct. 534, 5 L.Ed.2d 551 (1961). This has likewise been recognized by this Court, albeit in dicta. See Blatch v. State, 389 So.2d 669, 672 (Fla. 3d DCA 1980). In the instant case, Bartz raises his claim twenty-one years after sentencingsurely such a delay, without explanation, evidences a lack of due diligence. See Smith v. Wainwright, 425 So.2d 618 (Fla. 2d DCA 1982) (relief denied where thirteen-year delay); Remp, 248 So.2d at 677-78 (same). Further, the State has undoubtedly been prejudiced by the delay, as it cannot now contest Bartz's allegations because the transcript below has long since been destroyed. Transcripts are destroyed after 10 years; thus, the State has no transcript of the proceedings below and is prejudiced in defending against Bartz's allegations. Finally, the policy rationale for allowing a laches defense is importantto acknowledge the finality of convictions at some point which, in turn, will foster confidence in the judicial system. See Babson v. Wainwright, 376 So.2d 1187, 1189 (Fla. 5th DCA 1979); Remp, 248 So.2d at 679, quoting Dean v. North Carolina, 269 F.Supp. 986 (M.D.N.C.1967).
We also find that Bartz's motion fails on the merits. While generally alleging that his plea was not "knowing, voluntary, and intelligent,"[1] Bartz's motion did not go into any specifics of what he meant by this, other than to state:
[D]efendant went to ... plea hearing and was sentenced to three years in Florida State Prison, not knowing the full consequences of the plea, having not been advised by counsel nor by the court in sufficient depth so that he understood the full ramifications of such admission/plea and/or possible repercussions of such admissions manifest at any future arraignment.
This generalized complaint is not legally sufficient to sustain a writ of error coram nobis, as it does not "allege specific facts of such a vital nature that, had they been known to the trial court, they conclusively would have prevented entry of judgment." Malcolm v. State, 605 So.2d 945, 946 (Fla. 3d DCA 1992). See also State v. Woods, 400 So.2d 456, 457 (Fla.1981).
Further, even if we "read between the lines" of Bartz's motion, the motion fails. We interpret Bartz's allegations to mean that he was not advised of the collateral impact of his 1977 guilty plea (and subsequent Florida conviction) on his later federal sentence. We reach this conclusion from the above-quoted paragraph and from Bartz's present circumstanceshe is incarcerated in a federal prison and is only now attacking a conviction that is over twenty years old. As this Court has previously held, challenges to a guilty plea's voluntariness based on the fact that a defendant was not told of its collateral consequences in the event of his recidivism will be unsuccessful. See Rhodes v. State, 701 So.2d 388 (Fla. 3d DCA 1997); State v. Fox, 659 So.2d 1324 (Fla. 3d DCA 1995).
Therefore, we affirm the trial court's denial of Bartz's motion.
NOTES
[1] The motion reads as a "boilerplate" document for any "involuntary plea" allegation.