PER CURIAM.
Appellant was tried and adjudicated guilty of sale or delivery of cocaine. The trial court *1095 imposed an enhanced sentence after classifying him as a habitual felony offender and making the required statutory findings. We affirmed the conviction and sentence as well as the trial court’s subsequent order summarily denying post-conviction relief. After that, Appellant filed a motion to correct sentence under Fla.R.Crim.P. 3.800(a), based on the sole ground that the 1989 version of the habitual felony offender statute violated the constitutional “single subject” rule and was void prior to its reenactment in May 1991. The motion was denied on the authority of Tims v. State, 592 So.2d 741 (Fla. 1st DCA 1992), in which we held that, despite the constitutional infirmities in the 1989 statute, a defendant who would have qualified under the immediately preceding version of the statute would not be entitled to relief. During the pendency of this appeal, Appellant sought mandamus relief, apparently seeking to require us to order ourselves to expedite the ruling.
Appellant has not demonstrated any basis for relief. First, we note that when sentencing a habitual offender, the trial court is required to use the version of § 775.-084, Fla.Stat., in effect when the offense was committed. Marion v. State, 582 So.2d 115 (Fla. 3d DCA 1991). Appellant committed the instant offense on August 24, 1989. The 1989 statute did not become effective until October 1, 1989. See Laws of Florida 1989, c. 89-280, § 1. Our review of the record indicates that Appellant would have qualified as a habitual felony offender under the 1988 statute and, therefore, is not entitled to relief. Second, without deciding whether Appellant followed the appropriate procedures for seeking mandamus relief, we find no merit to his petition under the present circumstances.
Accordingly, we AFFIRM the order denying the motion to correct sentence, and we DENY the petition for writ of mandamus.
SMITH, MICKLE and LAWRENCE, JJ., concur.