WEBSTER, Judge.
In this direct criminal appeal, appellant challenges his sentence as an habitual felony offender, contending that habitualization was eiTor because none of the federal felony convictions relied on by the trial court as predicate offenses was “substantially similar in elements and penalties to an offense in [Florida].” We conclude that appellant’s prior federal conviction for mail fraud is a conviction of an offense substantively indistinguishable from the Florida offenses of organized fraud and communications fraud. Accordingly, we affirm.
Appellant was charged in three counts with violations of the Florida Racketeer Influenced and Corrupt Organization Act. §§ 895.01 et seq., Fla.Stat. (1991). All were first-degree felonies. § 895.04(1), Fla. Stat. (1991). On the eve of trial, appellant agreed to plead guilty to one count, in return for the state’s agreement to dismiss the other two. There was no agreement regarding a sentence, although appellant was aware that the state intended to seek habitual felony offender treatment.
The offense for which appellant was to be sentenced was alleged to have occurred from on or about December 10,1992, to on or about June 30, 1994. In determining whether appellant qualified as an habitual felony offender for sentencing purposes, the trial court was obliged to look to the version of that statute in effect when the offense was committed. Atkinson v. State, 626 So.2d 1094 (Fla. 1st DCA 1993). To the extent relevant, section 775.084, Florida Statutes (1991), reads:
(1) As used in this act:
(a) “Habitual felony offender” means a defendant for whom the court may impose an extended term of imprisonment, as provided in this section, if it finds that:
1. The defendant has previously been convicted of any combination of two or more felonies in this state or other qualified offenses;
2. The felony for which the defendant is to be sentenced was committed within 5 years of the date of the conviction of the last prior felony or other qualified offense of which he was convicted, or within 5 years of the defendant’s release, on parole or otherwise, from a prison sentence or *962 other commitment imposed as a result of a prior conviction for a felony or other qualified offense, whichever is later;
3. The defendant has not received a pardon for any felony or other qualified offense that is necessary for the operation of this section; and
4. A conviction of a felony or other qualified offense necessary to the operation of this section has not been set aside in any post-conviction proceeding.
[[Image here]]
(c) “Qualified offense” means any offense, substantially similar in elements and penalties to an offense in this state, which is in violation of a law of any other jurisdiction, whether that of another state, the District of Columbia, the United States or any possession or territory thereof, or any foreign jurisdiction, that was punishable under the law of such jurisdiction at the time of its commission by the defendant by death or imprisonment exceeding 1 year.
At the sentencing hearing, appellant conceded that he had been convicted of forty-one felonies prior to December 10,1992, the date on which he was alleged to have begun the offense for which he was being sentenced. Of those forty-one, thirty-one were Florida convictions, and ten were federal convictions. The offense for which appellant was being sentenced occurred within five years of appellant's release on parole resulting from the federal convictions. However, all of the Florida convictions occurred more than five years before December 10, 1992, and more than five years before his release on parole. Accordingly, because of section 775.084(l)(a)2, appellant would meet the definition of an habitual felony offender only if one of the federal convictions could be used as a predicate offense. To be used as a predicate offense, at least one of appellant’s federal convictions had to be a “qualified offense,” as that term is defined in section 775.084(l)(c). In the trial court, and here, appellant argues that none of his federal convictions are a “qualified offense” because none are “substantially similar in elements and penalties to” a Florida offense. Therefore, he argues, he could not be sentenced as an habitual felony offender. We disagree.
It is undisputed that appellant was convicted of four counts of interstate transport of stolen goods, securities or money, in violation of 18 U.S.C. § 2314; three counts of influencing or injuring a court officer or juror, in violation of 18 U.S.C. § 1503; and one count of mail fraud, in violation of 18 U.S.C. § 1341. Because we conclude, from the following comparison of the federal mail fraud statute and the Florida Communications Fraud Act, which includes the offenses of organized fraud and communications fraud, that, at the time of appellant’s conviction of the former, it was substantively indistinguishable in elements and penalties from the latter, we find it unnecessary to determine whether there were offenses proscribed by Florida law which were “substantially similar in elements and penalties to” either of the other two federal crimes of which appellant stands convicted.
In 1988, at the time of appellant’s conviction for mail fraud, the elements of that offense were “(1) a scheme to defraud, and (2) the mailing of a letter, etc., for the purpose of executing the scheme.” Pereira v. United States, 347 U.S. 1, 8, 74 S.Ct. 358, 362, 98 L.Ed. 435, 444 (1954). Mail fraud was punishable by a fine, imprisonment for up to five years, or both.
The Florida Communications Fraud Act proscribes two separate offenses — “organized fraud” and “communications fraud.” § 817.034, Fla.Stat. (1987). Pursuant to section 817.034(4)(a), “[a]ny person who engages in a scheme to defraud and obtains property thereby is guilty of organized fraud.” “If the amount of property obtained has an aggregate value of less than $20,000, the violator is guilty of a felony of the third degree,” punishable by a fine (§ 775.083(l)(c), Fla.Stat. (1987)), imprisonment for up to five years (§ 775.082(3)(d), Fla.Stat. (1987)), or both (§ 775.083(1), Fla.Stat. (1987)). § 817.034(4)(a)3, Fla. Stat. (1987). “Scheme to defraud” is defined as “a systematic, ongoing course of conduct with intent to defraud one or more persons, or with intent to obtain property from one or more persons by false or fraudulent pretenses, representations, or promises or willful misrepresentations of a future act.” § 817.034(3)(d), Fla.Stat. (1987). *963 Appellant argues that this offense is not “substantially similar in elements” to the federal offense of mail fraud because, unlike mail fraud, use of the mails is not an essential element. We find this argument unpersuasive because it is apparent that use of the mails is nothing more than the act upon which federal jurisdiction is based. However, even were this a sufficiently substantive distinction, appellant would still have to address the offense of “communications fraud.”
According to section 817.034(4)(b), Florida Statutes (1987), “[a]ny person who engages in a scheme to defraud and, in furtherance of that scheme, communicates with any person with intent to obtain property from that person is guilty, for each such act of communication, of communications fraud.” “If the value of property obtained or endeavored to be obtained by the communication is valued at $300 or more, the violator is guilty of a third degree felony,” punishable by a fine (§ 775.083(l)(c), Fla.Stat. (1987)), imprisonment for up to five years (§ 775.082(3)(d), Fla.Stat. (1987)), or both (§ 775.083(1), Fla. Stat. ■ (1987)). § 817.034(4)(b)l, Fla.Stat. (1987). Moreover, according to section 817.034(3)(a), “ ‘[ejommunicate’ means to transmit or transfer or to cause another to transmit or transfer signs, signals, writing, images, sounds, data, or intelligences of any nature in whole or in part by mail, or by wire, radio, electromagnetic, photo-electronic, or photo-optical system.” (Emphasis added.)
Any fingering doubt regarding the similarity between those offenses proscribed by the Florida Communications Fraud Act and the federal mail fraud statute is, we believe, overcome by the following statement contained in- the former: “It is the intent of the Legislature to prevent the use of communications technology in furtherance of schemes to defraud by consolidating former statutes concerning schemes to defraud and organized fraud to permit prosecution of these crimes utilizing the legal precedent available under federal mail and wire fraud statutes.” § 817.034(l)(b), Fla.Stat. (1987) (emphasis added). As the court correctly noted in Batten v. State, 591 So.2d 960, 963 (Fla. 2d DCA 1991), review dismissed, 599 So.2d 654 (Fla. 1992),
the Act appears to have been patterned in substantial part after the federal wire and mail fraud statutes, 18 U.S.C. §§ 1341 and 1343. At the heart of the Act and the two federal statutes is the concept of ‘a scheme to defraud’ with the utilization of communication techniques as the means to accomplish a deceitful objective.
Because we conclude that the offense proscribed by the federal mail fraud statute at the time of appellant’s conviction thereof and those proscribed by the Florida Communications Fraud Act at that time are substantively indistinguishable, appellant’s sentence as an habitual felony offender is affirmed.
AFFIRMED.
ALLEN and LAWRENCE, JJ., concur.