WEBSTER, Judge.
In this direct criminal appeal, appellant seeks review of his conviction for robbery, and of the habitual felony offender sentence imposed upon conviction. Having carefully reviewed the two issues upon which the challenge to his conviction is based, we conclude that they merit neither discussion nor reversal. Accordingly, we affirm the conviction without further discussion. However, we find it necessary to vacate the sentence imposed, and to remand for resentencing.
It is, apparently, undisputed that all of the prior convictions upon which the state based its request for habitual felony offender treatment were imposed by the State of Wisconsin. (The record does not include copies of any prior judgments.) In a document titled “Determination of Habitual Felony Offender,” the trial court lists those convictions as: “[a] December 16,1981, Burglary of a Dwelling, Winnebago County, Wisconsin, Case No. 81-CR-83, [b] July 26, 1982, Two counts of Uttering a Forged Instrument, Outagamie County, Wisconsin, Case No. 82 CF 72, [c] July 26, 1982, Two counts of Theft by Fraud as a[n] Habitual Offender, Brown County, Wisconsin, Case No. 89 CM 130, and [d] January 23, 1991, Conspiracy to Sell Ten Pounds of Marijuana With Intent to Deliver, Winnebago County, Wisconsin, Case No. 90 CF 333.” Assuming the accuracy of this list of prior convictions, it would appear that the conviction for conspiracy to sell ten pounds of marijuana with intent to deliver and at least one of the other convictions would have to meet the definition of a “qualified offense” found in section 775.084(l)(e), Florida Statutes (1993), before appellant could be sentenced as an habitual felony offender. See § 775.084(l)(a)l (requiring prior convictions “of any combination of two or more felonies in this state or other qualified offenses”) & 2 (requiring that at least one of the prior convictions has been committed within five years of date of commission of offense for which defendant is being sentenced or “release, on parole or otherwise, from a prison sentence or other commitment”). See also Russell v. State, 675 So.2d 961 (Fla. 1st DCA 1996) (discussing prerequisites to habitual felony offender sentence based on “qualified offenses”). Appellant asserts that none of the Wisconsin convictions constitutes a “qualified offense” because none is “substantially similar in elements and penalties to an offense in this state.” § 775.084(l)(c), Fla.Stat. (1993).
Section 775.084(3)(d), Florida Statutes (1993), requires the trial court to make findings of fact when determining whether a “defendant is a[n] habitual felony offender.” In this case, the trial court made no findings to support its conclusion that the Wisconsin convictions meet the statutory definition of *29 “qualified offense.” Among other things, the Wisconsin statute upon which each of the convictions was based is not identified; the Florida statute believed to be “substantially similar in elements and penalties,” at the time that each of the convictions was imposed, to each of the Wisconsin statutes on which the convictions were based is not identified; and there is no indication that, at the time each of the offenses resulting in a Wisconsin conviction was committed, the offense was punishable “by death or imprisonment exceeding 1 year.” § 775.084(l)(c), Fla.Stat. (1993).
Because the record before us contains neither evidence establishing that appellant qualifies as an habitual felony offender nor findings of fact to support the imposition of such a sentence, we are unable intelligently to assess the merit of appellant’s claim. Accordingly, we are constrained to vacate appellant’s sentence, and to remand for resen-tencing. On remand, the trial court may again sentence appellant as an habitual felony offender, provided that the record evidence is legally sufficient to support such a sentence. See, e.g., King v. State, 590 So.2d 1032 (Fla. 1st DCA 1991). However, should it elect to do so, the trial court is directed to make sufficient findings of fact to permit appellate review of its decision.
CONVICTIONS AFFIRMED; SENTENCE VACATED; and REMANDED, with directions.
MICKLE and LAWRENCE, JJ., concur.