688 So.2d 462 (1997)
Kenneth Allen ANDERSON, Petitioner,
v.
Harry K. SINGLETARY, JR., Secretary, Florida Department of Corrections, Respondent.
No. 96-678.
District Court of Appeal of Florida, Fourth District.
March 5, 1997.
*463 Kenneth Allen Anderson, Polk City, pro se.
No appearance required for respondent.
FARMER, Judge.
Petitioner was convicted in 1979 for burglary, sexual battery, and robbery. We affirmed his conviction in 1981 without opinion. Petitioner then sought post-conviction relief in federal court in 1982, but his petition was denied.[1] In 1987, petitioner sought relief under rule 3.850, which was summarily denied as untimely. In 1991, petitioner filed a motion to correct an illegal sentence under rule 3.800(a), which the trial court denied. On appeal from that denial, we reversed to the extent that the trial court had improperly retained jurisdiction over his sentences. Anderson v. State, 584 So.2d 1127 (Fla. 4th DCA 1991). His latest petition raises a claim of ineffective assistance of appellate counsel in regard to the 1981 direct appeal of his convictions.
Technically rule 3.850 does not bar petitioner's claim against his appellate counsel on timeliness grounds. Fla. R.Crim. P. 3.850(b) ("No other motion shall be filed or considered pursuant to this rule if filed more than 2 years after the judgment and sentence become final in a noncapital case...."). The 2-year time limit under rule 3.850 does not apply to the present claim because it relates to appellate counsel, which may be raised only by petition for habeas corpus filed in the appellate court. Recently adopted rule of appellate Procedure 9.140(j) addresses the time limits for bringing claims of ineffective assistance of appellate counsel, but it does not begin to run until its effective date.[2] The absence of an express bar date under the present rules does not mean, however, that we must entertain this kind of petition regardless of when it has been first raised.
In Xiques v. Dugger, 571 So.2d 3 (Fla. 2d DCA 1990), in circumstances similar to the present, the court said:
"An additional potential problem is the fact that Xiques has waited nearly eight years to furnish this court with a facially sufficient petition, and apparently did so only after prompting by the federal district court. Had Xiques claimed ineffective assistance of trial counsel, he would be foreclosed under the two-year limitations period contained in rule 3.850. Analogously, were this an action for legal malpractice, the statute of limitations would have expired. Sec. 95.11(4)(a), Fla.Stat. (1989). No rule presently exists imposing specific time limits on claims against appellate counsel. The state has suggested in its response to Xiques's present petition that laches should apply. Laches is a recognized defense in postconviction actions where the movant has engaged in inordinate and prejudicial delay. Bashlor v. Wainwright, 374 So.2d 546 (Fla. 1st DCA 1979); Weir v. State, 319 So.2d 80 (Fla. 2d DCA 1975). Xiques has replied only that the state `was not and is not prejudiced.'"[3]
We agree with the second district that laches is properly used in a postconviction relief proceeding when the delay in bringing a claim for collateral relief has been unreasonable and the state has been prejudiced in responding to the claim.
It is apparent to us from the face of this petition that the state has been manifestly *464 prejudiced. Here, petitioner does not state why or how he delayed in raising his claim of ineffective assistance of appellate counsel until now. He has made no showing of being thwarted by conduct of counsel or the state in bringing such a claim; nor has sought to show that some fact or circumstance precluded him from being reasonably charged with knowledge of any alleged failing by appellate counsel.
His petition has been brought 15 years after the appeal was concluded. Our record for that appeal has long since been purged. We no longer have the briefs of the parties or the record on appeal. The state thus has no way of checking the formal record we actually reviewed in the case to determine precisely what issues were raised and what arguments were made by appellate counsel. We no longer have the actual trial transcript relied on by appellate counsel so that the state might determine what issues could have been raised but were waived. In these circumstances, there is no doubt of prejudice to the state. We hold that petitioner's attempt to claim ineffective assistance of appellate counsel is too stale, prejudicing the state, to permit the claim to go forward.
In light of the foregoing, we summarily deny the petition on the basis of laches without requiring any response from the state.
WARNER and KLEIN, JJ., concur.
NOTES
[1] We have no idea what his grounds were for habeas relief in federal court.
[2] In Amendments to Florida Rules of Appellate Procedure, 685 So.2d 773 (Fla.1996), the supreme court promulgated a new rule of appellate procedure placing a time limit of 2 years on claims of ineffective assistance of appellate counsel. See Fla. R.App. P. 9.140(j)(3)(B). This new rule provides, however, that its time limits shall not begin to run before the effective date of the rule, and the effective date is January 1, 1997. We express no opinion as to whether this new rule is properly applicable in this case.
[3] The court declined to address the laches issue in that case because the subject petition was a successive claim raising the same issue previously disposed of.