699 So.2d 1366 (1997)
Ervin McCRAY, Petitioner,
v.
STATE of Florida, et al., Respondents.
No. 90305.
Supreme Court of Florida.
October 9, 1997.
*1367 Patrick C. Rastatter of Glass & Rastatter, P.A., Fort Lauderdale, for petitioner.
No appearance for respondent.
OVERTON, Justice.
Ervin McCray petitions this Court for writ of habeas corpus, asserting a claim of ineffective assistance of appellate counsel. We have jurisdiction. Art. V, § 3(b)(9), Fla. Const. We deny the petition, finding it to be barred by the doctrine of laches.
McCray was convicted of first-degree murder for a 1980 homicide. Initially, he received the death penalty for that conviction. In 1982, this Court reduced that sentence on direct appeal to life imprisonment without parole for twenty-five years in accordance with the jury's recommendation. McCray v. State, 416 So.2d 804 (Fla.1982). Now, fifteen years later, McCray has filed this petition, asserting that his appellate counsel was ineffective in failing to raise an issue regarding the asserted erroneous introduction of a prior conviction during the conviction phase of his trial.
Were McCray raising the issue of ineffective assistance of trial counsel, his petition would be barred pursuant to Florida Rule of Criminal Procedure 3.850, which sets forth a two year time limit for filing most motions for post-conviction relief.[1] Ineffective assistance of appellate counsel, which is asserted here, is not covered under that rule. Rogers v. Singletary, 698 So.2d 1178 (Fla. 1996). Recently, however, this Court amended Florida Rule of Appellate Procedure 9.140(j)(3)(B) to establish time limits on claims of ineffective assistance of appellate counsel. That rule provides:

*1368 A petition alleging ineffective assistance of appellate counsel shall not be filed more than two years after the conviction becomes final on direct review unless it alleges under oath with a specific factual basis that the petitioner was affirmatively misled about the results of the appeal by counsel.
Under this rule, McCray's petition would be barred because his petition contained no allegation under oath that he was misled by counsel about the results of the appeal. However, rule 9.140(j)(3)(C) provides that the time period set forth in rule 9.140(j)(3)(B) "shall not begin to run prior to the effective date of this rule." The rule became effective January 1, 1997. As such, under this rule, McCray has two years from January 1, 1997, to bring this petition. Nevertheless, this does not mean that we are prohibited from finding the petition to be time-barred. Indeed, we conclude that, under the doctrine of laches, McCray is barred from bringing this petition.
Generally, laches is a doctrine asserted as a defense, which "requires proof of (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense." Costello v. United States, 365 U.S. 265, 282, 81 S.Ct. 534, 543, 5 L.Ed.2d 551 (1961). This doctrine is properly applied to habeas corpus petitions "when the delay in bringing a claim for collateral relief has been unreasonable and the state has been prejudiced in responding to the claim." Anderson v. Singletary, 688 So.2d 462, 463 (Fla. 4th DCA 1997). See also Xiques v. Dugger, 571 So.2d 3 (Fla. 2d DCA 1990); Smith v. Wainwright, 425 So.2d 618 (Fla. 2d DCA 1982); Remp v. State, 248 So.2d 677 (Fla. 1st DCA 1970). Moreover, the doctrine of laches has been applied to bar a collateral relief proceeding when, from the face of the petition, it is obvious that the state has been manifestly prejudiced and no reason for an extraordinary delay has been provided. Anderson (petition filed fifteen years after appeal was decided and saying nothing to justify delay barred by laches where trial transcripts and appellate records had been destroyed). This Court has implemented time restrictions in the filing of collateral relief petitions because inmates must not be allowed to engage in inordinate delays in bringing their claims for relief before the courts without justification and because convictions must eventually become final. As time goes by, records are destroyed, essential evidence may become tainted or disappear, memories of witnesses fade, and witnesses may die or be otherwise unavailable.
This case represents a perfect example of why the doctrine of laches should be applied to bar some collateral claims for relief. McCray has waited fifteen years to bring this proceeding and has made no representation as to the reason for the delay. Moreover, his claim is based on a brief reference to a collateral crime in his trial, which occurred seventeen years ago. This claim could and should have been raised many years ago. The unwarranted filings of such delayed claims unnecessarily clog the court dockets and represent an abuse of the judicial process.
To remedy this abuse, we conclude, as a matter of law, that any petition for a writ of habeas corpus claiming ineffective assistance of appellate counsel is presumed to be the result of an unreasonable delay and to prejudice the state if the petition has been filed more than five years from the date the petitioner's conviction became final. We further conclude that this initial presumption may be overcome only if the petitioner alleges under oath, with a specific factual basis, that the petitioner was affirmatively misled about the results of the appeal by counsel.
Accordingly, we find this petition is barred by laches and we deny the petition.
It is so ordered.
SHAW, GRIMES, HARDING and WELLS, JJ., concur.
KOGAN, C.J., and ANSTEAD, J., concur in conclusion only.
NOTES
[1] Rule 3.850(b) provides:

(b) Time Limitations. A motion to vacate a sentence that exceeds the limits provided by law may be filed at any time. No other motion shall be filed or considered pursuant to this rule if filed more than 2 years after the judgment and sentence become final in a noncapital case or more than 1 year after the judgment and sentence become final in a capital case in which a death sentence has been imposed unless it alleges that
(1) the facts on which the claim is predicated were unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence, or
(2) the fundamental constitutional right asserted was not established within the period provided for herein and has been held to apply retroactively.
(Emphasis added.)