708 So.2d 974 (1998)
Silvino HURTADO, Petitioner,
v.
Harry K. SINGLETARY, Secretary of Florida Department of Corrections, Respondent.
No. 97-2956.
District Court of Appeal of Florida, Third District.
March 18, 1998.
*975 Sale & Kuehne and Susan Dmitrovsky, Fort Lauderdale, for petitioner.
Robert A. Butterworth, Attorney General, and Maya S. Saxena, Assistant Attorney General, for respondent.
Before NESBITT, COPE and LEVY, JJ.
PER CURIAM.
Silvino Hurtado petitions for a belated appeal of a 1986 order denying his motion for postconviction relief. We deny the petition.
Defendant-petitioner Hurtado pled guilty to the charge of second degree murder in 1982, and received a life sentence with a firearm-related mandatory minimum term of three years. His sentence is parole-eligible.
In 1986 defendant filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, seeking to set aside his plea and proceed to trial. This was denied by written order in 1986. Defendant has filed an affidavit stating that he never received the order of denial.
Defendant states that he ultimately learned from a family member that the motion had been denied by the trial court. He does not know the exact date on which he was informed, but states that it was no later than 1989. Defendant also contends that without receiving the order which contained in it the advice that he had a right to appeal, he assumed that he had no further recourse and took no action.
Counsel has now filed a petition for belated appeal under Florida Rule of Appellate Procedure 9.140(j).[1]
We conclude that the petition must be denied. Writing in a related context, the Florida Supreme Court considered the question of unreasonable delay in filing a petition asserting a claim of ineffective assistance of appellate counsel. See McCray v. State, 699 So.2d 1366 (Fla.1997). The court stated:
[W]e conclude, as a matter of law, that any petition for a writ of habeas corpus claiming ineffective assistance of appellate counsel is presumed to be the result of an unreasonable delay and to prejudice the state if the petition has been filed more than five years from the date the petitioner's conviction became final. We further conclude that this initial presumption may be overcome only if the petitioner alleges under oath, with a specific factual basis, that the petitioner was affirmatively misled about the results of the appeal by counsel.
Id. at 1368.
Similarly here, defendant knew no later than 1989 that his 3.850 motion had been denied. His petition seeking a belated appeal was filed in the fall of 1997. As suggested in McCray, a delay of this magnitude is unreasonable. Further, the relief defendant seeks is a new trial of a case in which he pled guilty in 1982. Under the circumstances, the prejudice is obvious.
Defendant relies on Nava v. State, 652 So.2d 1264 (Fla. 4th DCA 1995), which allowed a belated appeal of an order denying 3.850 relief after a six-year delay. We doubt that the Fourth District's decision in Nava remains good law after the approach taken by the Florida Supreme Court in McCray. *976 Petition denied.[2]
NOTES
[1] Rule 9.140(j) imposes a time limit of two years for seeking a belated appeal. See id. R. 9.140(j)(3). However, the two-year time limit under this newly adopted rule "shall not begin to run prior to the effective date of this rule." Id. R. 9.140(j)(3)(C). The effective date was January 1, 1997. See In re Amendments to The Florida Rules of Appellate Procedure, 696 So.2d 1103, 1107 (Fla.1996).
[2] Were the issue properly before us, we would conclude that the order denying postconviction relief was entirely correct.