DAUKSCH, Judge.
In his eighth appearance in this court on this case, Rufus Young petitions for a writ of habeas corpus, claiming that he is entitled to a belated appeal. He is wrong. Young was tried and convicted in 1990 of burglary of a' dwelling, grand theft, and possession of drug paraphernalia. He was sentenced as an habitual felony offender to thirty years incarceration. After an unsuccessful direct appeal, he filed various post-conviction appeals in this court.[1]
In his latest document, Young petitions this court for a writ of habeas corpus, claiming entitlement to a belated appeal by raising both old and new legal grounds. First of all, his petition is barred by the doctrine of lach-es. McCray v. State, 699 So.2d 1366 (Fla.1997). Second, his petition is successive and an abuse of process. See, e.g., Johnson v. State, 680 So.2d 1101 (Fla. 5th DCA 1996) (“Even Herman Melville had to come to an ending in Moby Dick”); Isley v. State, 652 So.2d 409 (Fla. 5th DCA 1995) (bar of successive claims applies equally to habeas petitions). We therefore prohibit Young from filing any further pro se pleadings with this court concerning his 1990 convictions and admonish him that additional successive collateral attacks will expose him to forfeiture of gain time. See Davis v. State, 705 So.2d 133 (Fla. 5th DCA 1998); Bradley v. State, 703 So.2d 1176 (Fla. 5th DCA 1997); Rooney v. State, 699 So.2d 1027 (Fla. 5th DCA 1997); Hall v. State, 698 So.2d 576 (Fla. 5th DCA 1997); O'Brien v. State, 689 So.2d 336 (Fla. 5th DCA), review denied, 697 So.2d 511 (Fla.1997).
WRIT OF HABEAS CORPUS DENIED.
GOSHORN and THOMPSON, JJ. concur.

. Young v. State, 580 So.2d 770 (Fla. 5th DCA 1991) (direct appeal); Young v. State, 585 So.2d 1184 (Fla. 5th DCA 1991) (denial of 3.850 motion affirmed without prejudice since appeal was pending); Young v. State, 597 So.2d 301 (Fla. 5th DCA 1992) (denial of second 3.850 motion affirmed); Young v. State, 621 So.2d 1089 (Fla. 5th DCA 1993) (denial of habeas corpus petition affirmed); Young v. State, No. 96-1339 (Fla. 5th DCA July 1, 1996) [unpublished order] (voluntary dismissal of appeal of order denying defendant’s post-conviction motion); Young v. State, 684 So.2d 1377 (Fla. 5th DCA 1996) (denial of 3.850 motion affirmed); Young v. State, 708 So.2d 286 (Fla. 5th DCA 1998) (denial of 3.800(a) motion affirmed).