W. SHARP, Judge.
Brown petitions for a writ of habe-as corpus, seeking a belated appeal of his 1995 conviction for aggravated battery with a firearm[1] and attempted first degree murder.[2] He alleges he requested his trial attorney to file an appeal, but the attorney faded to do so. This allegation is facially sufficient under Florida Rule of Appellate Procedure 9.140(j)(2)(F),[3] but the rule also requires a petition to be filed within two years. However, this rule became effective January 1, 1997, and the time limit created by it commenced with its effective date. Thus this petition is not time barred by this rule.
The state argues Brown’s belated appeal is barred under the doctrine of laches. McCray v. State, 699 So.2d 1366 (Fla.1997). In this case, Brown was sentenced on January 19,1996, and his petition was filed March 11, 1998. He alleges no reason for the delay in filing this petition — somewhat more than two years.
We have found no case in which the doctrine of laches was applied in a case involving such a short a period of time. Compare Anderson v. Singletary, 688 So.2d 462 (Fla. 4th DCA 1997) (laches applied where petition was filed 15 years after appeal concluded); Xiques v. Dugger, 571 So.2d 3 (Fla. 2d DCA 1990) (second motion properly denied as successive, but laches also may apply for failure to seek relief until 8 years after conviction); Smith v. Wainwright, 425 So.2d 618 (Fla. 2d DCA 1982) (laches applied when defendant waited 13 years before filing petition); Walker v. Wainwright, 411 So.2d 1038 (Fla. 1st DCA 1982) (laches applied where defendant filed petition 8 years after conviction); Bab *237 son v. Wainwright, 376 So.2d 1187 (Fla. 5th DCA 1979), cert. denied, 388 So.2d 1109 (Fla.1980) (laches applied when defendant waited 14 years before seeking relief and court reporter’s notes had been destroyed); Remp v. State, 248 So.2d 677 (Fla. 1st DCA 1970) (laches applied when petition wasn’t filed until 13 years after conviction, defense attorney who could refute claim was deceased, and claim counsel ignored request to appeal was not raised in prior post-conviction motions). See also Tyler v. Beto, 391 F.2d 993 (5th Cir.1968), cert. denied, 393 U.S. 1030, 89 S.Ct. 642, 21 L.Ed.2d 574 (1969) (laches applied where defendant waited 25 years before seeking appeal and judge, prosecutor and both defense attorneys were then dead).
Since the state concedes it cannot refute Brown’s allegation that he requested his attorney to prosecute an appeal, an evidentiary hearing to establish that fact appears to be a waste of time. Accordingly, we grant Brown’s petition for a belated appeal, and forward a copy of this order to the trial court to serve as the notice of appeal. Fla. R.App. P. 9.140(j)(5)(D).
Petition for Writ of Habeas Corpus GRANTED.
GOSHORN and PETERSON, JJ„ concur.

. § 784.045, Fla. Stat. (1995).

. §§ 782.04, 777.04, Fla. Stat. (1995).

. Rule 9.140Q) provides:
(2) Contents. The petition shall be in the form prescribed by rule 9.100, may include support-
ing documents, and shall recite in the statement of facts:
[[Image here]]
(F) the specific facts sworn to ... including in the case of a petition for belated appeal whether the petitioner requested counsel to proceed with the appeal.