PER CURIAM.
In 1981 William Ray Chase was sentenced to one hundred years in prison. He alleges that his recuperation from serious gunshot wounds prevented him from knowing that counsel had failed to file a notice of appeal from his judgment and sentence, as had been promised. This year, his medical condition apparently stabilized, Chase has filed a petition for a belated appeal pursuant to Florida Rule of Appellate Procedure 9.140(j), alleging trial counsel failed to timely appeal his sentence. The time limitations of rule 9.140(j)(3) do not become effective until January 1, 1999.
The Third District recently held that an unreasonable delay after the incident leading to the failure to appeal bars relief based upon laches. See Hurtado v. Singletary, 708 So.2d 974 (Fla. 3d DCA 1998) (relying in part upon the supreme court’s pronouncement in McCray v. State, 699 So.2d 1366 (Fla.1997), that attacks on appellate counsel are presumed untimely five years after a conviction becomes final); see also Brown v. State, 711 So.2d 236 (Fla. 5th DCA 1998) (listing a collection of decisions that apply laches to forbid relief seeking belated appeals). We agree with the reasoning of HuHado. Chase’s delay of seventeen years exceeds the periods of delay in several of the cases recited in Brown for which relief was prohibited.
Petition for belated appeal denied.
CAMPBELL, A.C.J., and QUINCE and NORTHCUTT, JJ., concur.