PER CURIAM.
Strange petitions this court for a writ of habeas corpus, to obtain a belated appeal grounded on failure of court appointed trial counsel to file an appeal on his behalf. Strange was convicted some six and one-half years before he filed this petition. Thus his petition is barred by laches. McCray v. State, 699 So.2d 1366 (Fla.1997) held that petitions claiming ineffective assistance of appellate counsel are presumed to be the result of unreasonable delay and to prejudice the state when filed more than five years after the date the conviction became final.
Here Strange claims he was “affirmatively misled by his court appointed tri *1118 al counsel that an appeal would be filed.” However, such an allegation of affirmative misrepresentation by trial counsel must be made under oath. Here, Strange does not do so. Accordingly, we deny the petition for habeas corpus, without prejudice to Strange to file a claim of affirmative misrepresentation under oath, as required by McCray.
Petition for Writ of Habeas Corpus DENIED.
W. SHARP, GOSHORN and ANTOON, JJ., concur.