740 So.2d 567 (1999)
Marion J. RUSSELL, Petitioner,
v.
STATE of Florida, Respondent.
No. 99-583.
District Court of Appeal of Florida, First District.
June 30, 1999.
Rehearing Denied August 10, 1999.
Petitioner, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, for Respondent.
PER CURIAM.
Petitioner pled guilty to and was convicted of violating the Florida Racketeer Influenced and Corrupt Organization Act, sections 895.01 et seq., Florida Statutes (1991). He appealed his sentence to this court, and this court affirmed the sentence. See Russell v. State, 675 So.2d 961 (Fla. 1st DCA), cert. denied, 682 So.2d 1100 (Fla.1996). He then filed a rule 3.850 motion, raising, among others, a claim that his appellate counsel was ineffective. He noted, however, that he believed the ineffective assistance of appellate counsel claim might need to be raised in a separate proceeding before this court, which handled the direct appeal. The trial court denied the motion and in its order confirmed petitioner's suspicion that the ineffective assistance of appellate counsel claim must be raised in a separate proceeding before this court. Petitioner appealed the trial court's denial of his rule 3.850 motion, but rather than file an ineffective assistance of appellate counsel claim via a rule 9.140(j) petition, he filed *568 motions alternately seeking permission from this court to continue raising his ineffective assistance of appellate counsel claim within his rule 3.850 motion, or a declaration that he did indeed need to raise his ineffective assistance of appellate counsel claim in a separate proceeding before this court. He then filed an emergency motion seeking an enlargement of time in which to file an ineffective assistance of appellate counsel claim. This court denied the motions. Petitioner filed an ineffective assistance of appellate counsel claim via a habeas corpus petition on February 13, 1999.
Florida Rule of Appellate Procedure 9.140(j) contains a two-year time limit for filing an ineffective assistance of appellate counsel petition in the appellate court that handled the direct appeal. See Fla. R.App. Proc. 9.140(j)(3)(B). However, the two-year time limit did not begin to run until the rule became effective on January 1, 1997. See Fla. R.App. Proc. 9.140(j)(3)(C); In re Amendments to The Florida Rules of Appellate Procedure, 696 So.2d 1103, 1107 (Fla.1996). Petitioner's case is governed by the two-year filing window that began on January 1, 1997. Petitioner had until January 1, 1999, to file his petition for ineffective assistance of appellate counsel, but he failed to do so. Therefore, petitioner's petition is denied as untimely filed.
DENIED.
JOANOS, ALLEN and DAVIS, JJ., CONCUR.