W. SHARP, J.
Hough appeals from the trial court’s summary denial of his post-judgment motion made pursuant to Florida Rule of Criminal Procedure 3.850. We affirm.
In this second proceeding brought by Hough based on a 3.850 motion,[1] he argues involuntary plea, ineffective assistance of counsel on appeal, and newly discovered evidence. All of these claims are untimely, including his claim that his consecutive, habitual-offender sentences are illegal, because they were based on the same single criminal episode. See Hale v. State, 630 So.2d 521 (Fla.1993).
Hough’s Hale claim was not raised until May of 2000. He had been convicted and sentenced on February 4, 1994, and his appeal was dismissed May 17, 1995. It is clearly time barred pursuant to Dixon v. State, 730 So.2d 265 (Fla.1999), which sets two years from the mandate in Callaway[2] (August 16, 1995) as the outside date to raise the Hale issue, for persons convicted prior to that time.
We also agree with the trial court that the fact that appellate counsel was disbarred earlier this year does not constitute newly discovered evidence regarding the appeal in 1994-95. If Hough was dissatisfied with his appellate counsel’s handling of his appeal, he should have filed a habeas corpus petition for belated appeal in this court. He did not. Thus it is barred by laches unless Hough is able to allege under oath he was affirmatively misled about the results of the appeal. McCray v. State, 699 So.2d 1366 (Fla.1997). He did not.
In any event, under the present rule there is a two-year time period, in which to seek collateral relief. See Fla. RApp. P. 9.140(j)(3). The two-year time period for defendants such as Hough, convicted before 1997, began to run on January 1, 1997 and expired January 1, 1999. The unwarranted filings of such delayed claims unnecessarily clog the trial and appellate court dockets and constitutes an abuse of the judicial process. Id. at 1368. See Davis v. State, 705 So.2d 133, 134, n. 2 (Fla. 5th DCA 1998); Young v. State, 709 So.2d 614 (Fla. 5th DCA 1998).
We caution Hough against filing additional successive and time-barred petitions and motions for collateral relief. See Edwards v. State, 760 So.2d 226 (Fla. 5th DCA 2000) (court has the inherent authority to ban a defendant from filing further frivolous pleadings, citing In re Anderson, 511 U.S. 364, 364-366, 114 S.Ct. 1606, 128 L.Ed.2d 332 (1994)); Young v. State, 724 So.2d 665 (Fla. 5th DCA 1999) (successive claims properly barred absent allegations of newly discovered evidence or new constitutional right); Lau v. State, 717 So.2d 574 (Fla. 5th DCA), review dismissed, 727 So.2d 907 (Fla.1998); Isley v. State, 652 So.2d 409 (Fla. 5th DCA 1995). See also State v. Spencer, 751 So.2d 47 (Fla.1999) (court can restrict future pro se post-conviction pleadings if it first provides a pro se litigant notice and an opportunity to respond).
AFFIRMED.
THOMPSON, C.J., and GRIFFIN, J., concur.

. See Hough v. State, No. 95-53 (May 17, 1995).

. State v. Callaway, 658 So.2d 983 (Fla.1995).