816 So.2d 718 (2002)
William D. WILLIAMS, Petitioner,
v.
STATE of Florida, Respondent.
No. 1D01-4233.
District Court of Appeal of Florida, First District.
May 2, 2002.
William D. Williams, pro se, petitioner.
Robert A. Butterworth, Attorney General, and Edward C. Hill, Jr., Assistant Attorney *719 General, Tallahassee, for respondent.
PER CURIAM.
William D. Williams petitions this court for a writ of habeas corpus, raising a claim that he received ineffective assistance of counsel on his direct appeal, which resulted in an affirmance. Williams v. State, 728 So.2d 213 (Fla. 1st DCA 1998). Petitioner recognizes that his claim is untimely under Florida Rule of Appellate Procedure 9.141(c)(4)(B). He seeks to avoid this bar, however, by alleging that he and his family retained the services of attorney Robert Calvin Rivers in November of 1999 to collaterally attack the conviction and that Rivers' negligence resulted in failure to timely file the petition.
Although this matter is apparently one of first impression in Florida, we are guided by Steele v. Kehoe, 747 So.2d 931 (Fla. 1999), which recognized that relief could be granted in similar circumstances when counsel was responsible for failure to timely file a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Accordingly, we find that petitioner has stated a preliminary basis for relief. In the state's response to the petition, it points out that the written agreement with Rivers only calls for the filing of a motion for postconviction relief. Petitioner contends there was an oral agreement that Rivers would also file a petition for writ of habeas corpus alleging ineffective assistance of counsel on appeal.
This court is not a fact-finding tribunal and we are unable to resolve the apparent dispute regarding the terms of the agreement between Rivers and Williams and his family. We therefore relinquish jurisdiction to the Circuit Court in and for Duval County for 60 days from date of this published order. The Chief Circuit Judge is requested to appoint a special master to serve as a commissioner for this court to conduct a hearing and to issue a written order setting forth findings of fact and conclusions of law regarding Williams' right to raise a claim of ineffective assistance of appellate counsel beyond the time limit set forth in Rule 9.141(c)(4)(B). The hearing shall be held within 45 days of date of this decision and the written order shall be issued within 60 days of date of this decision. Copies of the order shall be served on the clerk of this court, the petitioner, the State Attorney for the Fourth Judicial Circuit, and the Attorney General of Florida. Because petitioner is acting in proper person and is incarcerated, the Attorney General shall be responsible to ensure the hearing is timely conducted and the order properly issued.[1] Copies of the petition, the response, and the reply, with attachments, are hereby provided to the Chief Circuit Judge to serve as pleadings before the commissioner.
Any party adversely affected by the recommendation of the commissioner may file a response with this court within ten days of issuance of the written report and the opposing party may reply to the response within ten days of service thereof. Afterwards, this court will issue its order determining whether petitioner is entitled to raise a claim of ineffective assistance of appellate counsel beyond the time limit of Florida Rule of Appellate Procedure 9.141(c)(4)(B).
IT IS SO ORDERED.
WEBSTER, LEWIS and POLSTON, JJ., concur.
NOTES
[1] The Office of the Attorney General may delegate some or all of its responsibilities regarding the hearing to the State Attorney for the Fourth Judicial Circuit.