SILBERMAN, Judge.
In his petition for writ of habeas corpus, Kevin Wilson seeks permission to file a belated petition alleging ineffective assistance of appellate counsel. Because Wilson’s allegations are facially insufficient, we deny the petition.
Wilson alleges that he was convicted of two crimes in 1989 and that the convictions and sentences were affirmed on appeal in 1991. He claims that in December 1992, he hired counsel to file a petition for writ of habeas corpus alleging ineffective assistance of appellate counsel. He further asserts that counsel agreed to file the petition but failed to do so.
Prior to 1997, a claim alleging ineffective assistance of appellate counsel was raised by way of a petition for writ of habeas corpus, and there was no specific time limitation to raise this claim. See Rogers v. Singletary, 698 So.2d 1178, 1179 (Fla.1996). However, the time to bring a claim was not unlimited because the doctrine of laches could bar a habeas corpus petition claiming ineffective assistance of appellate counsel. See McCray v. State, 699 So.2d 1366, 1368 (Fla.1997). In McCray, the *237 supreme court concluded that any habeas corpus petition is presumed to be the result of an unreasonable delay and to prejudice the State if the petition was filed more than five years from the date the petitioner’s conviction became final; the presumption could only be overcome if the petitioner made specific factual allegations under oath that he or she was affirmatively misled by counsel about the results of the appeal. Id.
As of January 1, 1997, time limits on bringing claims of ineffective assistance of appellate counsel were governed by the rules of appellate procedure. See Fla. R.App. P. 9.140(j)(3)(B); McCray, 699 So.2d at 1367-68. Rule 9.140(j)(3)(B) is the predecessor to the current rule, Florida Rule of Appellate Procedure 9.141(c).
Rule 9.141(c)(4)(B) states that “[a] petition alleging ineffective assistance of appellate counsel shall not be filed more than 2 years after the conviction becomes final on direct review unless it alleges under oath with a specific factual basis that the petitioner was affirmatively misled about the results of the appeal by counsel.” Rule 9.141(c)(4)(C) states that the “[t]ime periods under this subdivision shall not begin to run prior to January 1, 1997.” Thus, unless Wilson properly invoked the exception under the rule, the two-year time period for him to file a petition alleging ineffective assistance of appellate counsel began to run on January 1, 1997, and expired on January 1,1999. See Russell v. State, 740 So.2d 567, 568 (Fla. 1st DCA 1999).
Wilson’s petition did not contain any sworn statement that he was affirmatively misled by counsel about the results of the appeal, and it did not contain any other information explaining the nearly ten-year delay in seeking relief. As a result, Wilson’s allegations do not avoid the time bar of rule 9.141(c)(4)(B) or the doctrine of laches. See McCray, 699 So.2d at 1368.
In his request for permission to file a belated petition alleging ineffective assistance of appellate counsel, Wilson cites Williams v. State, 816 So.2d 718 (Fla. 1st DCA 2002). There, Williams filed a habe-as corpus petition alleging ineffective assistance of appellate counsel. Williams recognized that his claim was untimely under the rule, but he sought to avoid the bar of the rule by claiming that counsel was retained to collaterally attack the conviction and that counsel’s negligence resulted in the failure to timely file a petition. Id. at 719. The First District concluded that Williams stated a preliminary basis for relief and relinquished jurisdiction to the circuit court to make findings of fact and conclusions of law regarding Williams’ right to file a belated claim of ineffective assistance of appellate counsel. Id.
Williams is distinguishable from the circumstances present here. Wilson has not provided any information reflecting that he has any viable claim for ineffective assistance of appellate counsel. He fails to state when he learned that his post-appeal counsel had not filed a petition on his behalf; he offers no explanation of why he waited from December 1992, when he purportedly retained counsel to file a habeas corpus petition, to June 2002, when he filed the present petition; and he does not allege any information as to why he did not or could not timely seek habeas relief pursuant to rule 9.141(c)(4)(B).
Because Wilson’s request for permission to file a belated claim was facially insufficient to demonstrate any basis for relief, the petition is denied.
NORTHCUTT and STRINGER, JJ., Concur.