PER CURIAM.
Herbert Tuff appeals from the trial court’s order denying relief pursuant to *1135 Florida Rule of Criminal Procedure 3.850. We affirm.
Between 1999 and 2004, the defendant has filed a series of post-conviction motions asserting actual innocence, and ineffective assistance of trial counsel, as well as seeking to withdraw his plea. Each petition was denied without evidentiary hearing, and each appeal from those orders was affirmed.
Without reaching the merits, the current petition is time barred (in excess of thirty years), and raises issues that have already been raised and dealt with in previous petitions. On the merits, the petition is legally insufficient to sustain a review based on newly discovered evidence, as all of the evidence to which the defendant refers, including his 1969 confession, raise facts that were or could have been known at the time of sentencing.
Further, the state rightly asserts that it has been prejudiced by the defendant’s lack of due diligence and delay in seeking post-conviction relief. Tuffs conviction and life sentence became final in 1970, pursuant to a plea of guilty to a charge of first degree murder, and the petition is procedurally barred by laches. See McCray v. State, 699 So.2d 1366 (Fla.1997)(laches applied to bar collateral relief when it is obvious that the state has been manifestly prejudiced and no reason for extraordinary delay has been provided).
Affirmed.