THOMAS, J.,
dissents.
I respectfully dissent, because Petitioner is attempting to challenge a misdemeanor battery conviction and sentence imposed twelve years ago. There must come a time in which judicial labor in a case must end, if there is to be a reasonable and rationale application of the rule of law. This does not mean that polorable claims of actual innocence cannot be raised appropriately, but it does mean that courts are not inexhaustible reservoirs of resources to reconsider every decision in a criminal case years later. No branch of government can long enjoy public confidence if it repeatedly allows challenges to prior legal decisions ad infinitum. To allow stale claims such as this to compel further judicial review diverts judicial consideration of legitimate claims, in both civil and criminal cases.
Just as importantly, it is fundamentally unfair to require the State to respond to a claim more than a decade later, when memories and documents are lost or destroyed.
Here, Appellant pled guilty to a domestic misdemeanor battery charge in October 2003. The State responded to Appellant’s public records request filed in 2013, by noting that the “case was closed on October 10, 2003 and [in accord with section 119.021(2)(a), Florida Statutes] the physical file was destroyed on December 15, 2003.” The State did reference a note to the file indicating the victim wished to avoid testifying, she had declined to honor a subpoena, and was informed by the State *1079 that she would be subject to contempt charges if she failed to appear.
In Appellant’s motion for relief filed under Florida Rule of Criminal Procedure 8.850, he asserts that a decade after he pled nolo contendere to this misdemeanor, the victim allegedly informed him that she had told the State Attorney “two months prior to Movant’s nolo contendere plea [that she requested the State to drop] the charge against Movant.” According to the allegations, again filed a decade after his plea, the “State Attorney Office failed to disclose to the defense that the victim had dropped the charge against the movant.” Appellant claimed he had “no prior knowledge that the victim dropped the charge two months prior to his plea date.” He acknowledged that he had legal representation at his plea hearing.
According to the State, Appellant has failed to demonstrate that he exercised due diligence in this case, because Appellant could have obtained this information by a public records request. (Appellant claimed he filed a discovery demand, but alleged that the State failed to disclose the exculpatory evidence.) I agree with the State’s position, but in addition, I find that the State will be put in an impossible position in an evidentiary hearing, where a defendant attempts to challenge a 2003 plea and the State has destroyed the file.
No prosecutor will recollect this misdemeanor case resolved in 2003, and no prosecutor will be able to testify under oath whether the victim’s phone call or request was provided to the defense. Thus, on remand, the evidentiary hearing cannot produce any reliable result based on competent evidence. Therefore, I would deny the petition on the basis of laches, as Appellant has not shown he exercised due diligence, and the State will be prejudiced by the lengthy delay in this case. McCray v. State, 699 So.2d 1366, 1368 (Fla.1997). Thus, I respectfully dissent.